[No. 6387. Decided December 6, 1906.]

JULIA A. BAKER et al., Appellants, v. TACOMA EASTERN RAILWAY COMPANY, Respondent.[1]

RAILROADS — DEATH AT CROSSING — CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN—DUTY TO LOOK AND LISTEN. A railroad employee familiar with the locality, and experienced in the management of cars there, who was run down and killed by the backing of a logging train at a city street crossing, is guilty of contributory negligence, as a matter of law, where it appears that the place was a network of seven or eight tracks, being the intersection of two railroads, that at the time two or three engines were coming from the roundhouse

[1] Reported in 87 Pac. 826.

of one company, ringing bells and blowing off steam, and that the deceased, with his attention on the engines in view, undertook to cross the tracks diagonally without stopping to look back or listen for the train coming from behind on the tracks of the other company; the doctrine that one must look and listen applying to city street crossings, and particularly to places of such great danger as the crossing in question.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered December 14, 1905, in favor of the defendant, upon the pleadings and a stipulated statement of the plaintiff's case, dismissing an action to recover for the death of plaintiffs' husband and father, killed at a railroad crossing. Affirmed.

*Govnor Teats* and *William P. Reynolds,* for appellants.

*Shackleford & Hayden,* for respondent.

Dunbar, J.—Joseph Baker was run over and killed on the morning of July 28, 1905, on East D street, in the city of Tacoma, where the Northern Pacific Railway tracks cross the same, by a long Tacoma Eastern Railway train loaded with logs, backing down upon him, without any lookout or rear brakeman upon the train to protect the people passing along the street. The plaintiffs, wife and daughter of the deceased, sued to recover for the wrongful death.

The complaint alleged negligence on the part of the respondent in not having a guard upon the rear end of the train. It appears from the complaint that East D street is one of the thoroughfares over which many people pass, and especially so at the hour of seven o'clock in the morning, which was the time this accident occurred, as it is the street leading from their homes to the numerous factories, railroad shops and mills upon the tide flats; that the Northern Pacific tracks, consisting of about seven or eight tracks, cross East D street at about right angles, and its roundhouse is located near East D street; that at the time of the accident Northern

Pacific engines were coming out of the roundhouse, going up East D street on the several tracks, two or three at a time, puffing, ringing bells and blowing off steam; that the defendant, at the time of the accident, was running or backing its train of about nine cars, with great speed, over one of the parallel tracks across said East D street, with a locomotive upon the rear end of the train which the defendant was backing. Baker was an employee of the Northern Pacific Railway Company at its roundhouse, just east of D street. The Tacoma Eastern Railway Company has a depot just west of D street, about a block to the south of the railroad track, and its tracks are so arranged as to connect with the Northern Pacific tracks, and to switch back and forth upon them and across East D street, down to the city waterway where it unloads its train-loads of logs.

It appears that, while the engines were ringing their bells and blowing off large quantities of steam, and when one of the engines of the Northern Pacific was on the track in front of him and another had passed up along towards the west, probably fifty or sixty feet, and another engine was coming towards him, and other engines were on the tracks in the immediate vicinity, Mr. Baker came diagonally across the street-crossing, his attention riveted upon the engines which were coming towards him; that at the time he was crossing the track upon which he was killed, he had his back towards the west, or his left side and back towards the west, as he went in the diagonal direction, when the logging train backed on him and threw him down onto the south rail of the track and ran over and killed him. Negligence was denied by the defendant, and contributory negligence alleged. After the issues were made up, it was stipulated that a statement of the case by the plaintiffs should be made, and that the court should then pass upon the right of the plaintiffs to recover. After such statement was made, construing the statement of

the plaintiffs and the pleadings, the court found that the plaintiffs were not entitled to recover, and dismissed the action. From this judgment of dismissal this appeal is taken.

The statement is quite lengthy, but we think we have said sufficient to present the situation fairly. It is the contention of the appellants that it was negligence on the part of the respondent, under the circumstances as shown by the complaint and the statement, to back its cars down across a street where pedestrians were crossing in great numbers, without a lookout or brakeman on the rear end of the cars. Conceding, for the purposes of this decision, that it was negligence for the Railroad Company to back the train across the street without a watchman, yet we think the appellants cannot recover, for the reason that such negligence was not the proximate cause of the accident, but that the proximate cause was the contributory negligence of the deceased. It is the contention of the appellants that this case is controlled by the decision of this court in *Roth v. Union Depot Co.*, 13 Wash. 525, 43 Pac. 641, 31 L. R. A. 855, and *Steele v. Northern Pac. R. Co.*, 21 Wash. 287, 57 Pac. 820. But we think to allow a recovery in this case we would have to extend the doctrine announced in those cases. In both cases the cars were sent down the track without any one attending them at all, and this court held that to be negligence. But in both cases the injured persons were boys of tender years, and it was held that the same degree of caution would not be demanded of them as would be demanded of an adult. In *Roth v. Union Depot Co., supra*, it was said:

"By the overwhelming weight of authority a distinction is made between the responsibility of a child and that of an adult. It seems to us that it would be a monstrous doctrine to hold that a child of inexperience—and experience can only come with years—should be held to the same degree of care in avoiding danger as a person of mature years and accumulated experience. In the simplest transactions of life we recognize this distinction."

And this sentiment was approved in the *Steele* case. But in this case the person injured was a man of age and experience, being forty-nine years old; not only experienced in the general affairs of life, but experienced in the business of railroading, experienced in the usual conduct and management of cars at the identical place at which he received the injury, having been in the employ of the railroad company at this place and working in this yard for . . . . years, and crossing this track every day during that time. The locality was a network of tracks crossing the street at different points. Engines were passing and repassing on these tracks, shrieking and rumbling, ringing bells and puffing steam, which necessarily must have given notice that it was dangerous to cross any track in that network without exercising the utmost prudence, caution and alertness. It was the duty of the deceased before crossing the track, which is a notice of danger, to look and listen.

It is contended by the appellants that the doctrine of "*look and listen*" does not apply to a railroad crossing on a street, but we think, in accordance with the opinion of the lower court, that, if there was any place where it would seem the doctrine of looking and listening would apply, it would be just such a place, where there were so many engines and trains passing over the tracks in different directions and so many switches throwing the trains from one track back and forth to another. It would be hard to conceive of a case of negligence in crossing a railroad track without due precaution if this case does not furnish an instance of negligence. It is claimed that the deceased could not see the logging train approaching him by reason of the abundance of steam emitted from other engines. But, in addition to the fact that this was a warning to him not to step on the track until he could see, or determine the safety of the place in some other way, the employment of a watchman on the end of the train would have been unavailing, for the watchman could not have seen him.

A discussion of cases would be unprofitable in the decision of this case, for every case presents a little different state of facts.    But this court has accepted the doctrine announced by the supreme court of the United States, in *Chicago etc. R. Co. v. Houston*, 95 U. S. .697, 24 L. Ed. 542, where it was decided:

"Before attempting to cross a railroad track, he is bound to use his senses,—to listen and to look,—in order to avoid any possible accident from an approaching train.    If he omits to use them, and walks thoughtlessly upon the track, or if, using them, he sees the train coming, and, instead of waiting for it to. pass, undertakes to cross the track, and in either case receives any injury, he so far contributes to it as to deprive him of any right to complain."

It was said by this court in *Woolf v. Washington R. & Nav. Co.*, 37 Wash. 491, 79. Pac. 997:

"The argument that contributory negligence involves the question of what an ordinarily prudent man would do under all the circumstances and consequently presents a question solely for the jury, is, when applied to the case at bar, unsound in this: in railroad crossing cases the law has prescribed 'looking and listening' as precautions essential to 'ordinary care' or 'ordinary prudence.'    Hence, as a matter of law, a man crossing a railroad track without 'looking and listening' cannot be held guiltless of negligence, except in rare cases and under extraordinary conditions,   .   .   ."

Under all the circumstances of this case, considering both the pleadings and the statement made, we are compelled to the conclusion that the deceased was guilty of contributory negligence, and that the appellants therefore cannot recover. We think that the negligence on the part of the railroad company was not so gross that it could be considered malicious, and that therefore the proximate cause of the accident was the negligence of the deceased.

MOUNT, C. J., RUDKIN, FULLERTON, and HADLEY, JJ., concur.

ROOT and CROW, JJ., took no part.