.[No. 6409. Decided December 18, 1906.]

W. O. ANSON, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY et al., *Respondents.*[1]

MASTER AND SERVANT—INJURY TO BRAKEMAN STRUCK BY ENGINE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. An experienced brakeman, who was struck by an engine in a yard, is guilty of contributory negligence precluding any recovery, where it appears that he was familiar with the yard, saw the engine standing on one of the tracks a short distance away, but relying upon the rule or custom to ring the bell, stepped out upon the track without stopping to look or listen, although no warning was given of the approach of the engine.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 11, 1906, upon the verdict of a jury rendered in favor of the defendants, by direction of the court, in an action for personal injuries sustained by a brakeman by being struck by an engine. Affirmed.

*Graves, Kizer & Graves*, for appellant, to the point that the plaintiff had a right to rely upon the rules and customs, and was not guilty of contributory negligence in going upon the track in the manner that he did, cited: *Graham v. Minneapolis etc. R. Co.*, 95 Minn. 49, 103 N. W. 714; *Steele v. Central Railroad*, 43 Iowa 109; *Ditherner v. Chicago etc. R. Co.*, 47 Wis. 138, 2 N. W. 69; *St. Louis etc. Co. v. Eggman*, 161 Ill. 155, 43 N. E. 620; *Canada etc. R. Co. v. Jackson*, 17

[1]Reported in 88 Pac. 1058.

Can. (S. C.) 316; *Elliott v. Canadian Pac. R. Co.*, 129 Fed.
163; *Hooper v. Great Northern R. Co.*, 80 Minn. 400, 83
N. W. 440; *Gulf etc. R. Co. v. Calvert*, 11 Tex. Civ. App.
297, 32 S. W. 246; *Galveston etc. R. Co. v. Hynes*, 21 Tex.
Civ. App. 34, 50 S. W. 624; *Kingma v. Chicago etc. Co.,*
85 Ill. App. 138; *Sullivan v. Tioga R. Co.*, 44 Hun. 304;
*Felice v. New York Cent. etc. R. Co.*, 14 App. Div. 345, 43
N. Y. S. 922; *Shoner v. Pennsylvania Co.*, 130 Ind. 170, 28
N. E. 616, 29 N. E. 775; *Louisville etc. R. Co. v. Lowe*, 118
Ky. 260, 80 S. W. 768, 65 L. R. A. 122; *McLeod v. Chicago
etc. R. Co.*, 104 Iowa 139, 73 N. W. 614; *Hayes v. Northern
Pac. R. Co.*, 74 Fed. 279; *Sobieski v. St. Paul etc. R. Co.*,
41 Minn. 169, 42 N. W. 863.  See, also, *Kroener v. Chicago
etc. R. Co.*, 88 Iowa 16, 55 N. W. 28; *Baltimore etc. R. Co.
v. Peterson*, 156 Ind. 364, 59 N. E. 1044; *Noonan v. New
York etc. R. Co.*, 16 N. Y. S. 678; *Ericson v. St. Paul etc.
R. Co.*, 41 Minn. 500, 43 N. W. 332, 5 L. R. A. 786; *Ander-
son v. Northern Mill Co.*, 42 Minn. 424, 44 N. W. 315;
*St. Louis etc. R. Co. v. Pope* (Tex.), 86 S. W. 5; *Hynson
v. St. Louis etc. R. Co.* (Tex. Civ. App.), 86 S. W. 928;
*Gould Steel Co. v. Richards* (Ind.), 66 N. E. 68; *Galveston
etc. R. Co. v. Courtney*, 30 Tex. Civ. App. 544, 71 S. W. 307;
1 Labatt, Master and Servant, pp. 912-924, notes; *Sullivan
v. Missouri Pac. R. Co.*, 97 Mo. 113, 10 S. W. 852; *Farley
v. Chicago etc. R. Co.*, 56 Iowa 337, 9 N. W. 230; *Northern
etc. R. Co. v. Herchiskel*, 74 Fed. 460; *Quinn v. Brooklyn
Heights R. Co.*, 91 App. Div. 489, 86 N. Y. S. 883; *Hamilton
v. Rich Hill Coal Min. Co.*, 108 Mo. 364, 18 S. W. 977; *Chi-
cago etc. R. Co. v. Shannon*, 43 Ill. App. 540; *Gulf etc. R.
Co. v. Cooper*, 33 Tex. Civ. App. 319, 77 S. W. 263; *Blue-
dorn v. Missouri Pac. R. Co.*, 121 Mo. 258, 25 S. W. 943;
*Steffe v. Old Colony R. Co.*, 156 Mass. 262, 30 N. E. 1137;
*Taylor v. Louisville etc. R. Co.*, 93 Tenn. 305, 27 S. W. 663.

*Edward J. Cannon*, for respondents, cited:  *Priestly v.
Fowler*, 3 M. & W., 1 Murph. & H. 305, 7 L. J. Esch. (N. S.)

42; *Wormell v. Maine Cent. R. Co.*, 79 Me. 397, 10 Atl. 49, 1 Am. St. 321; *Elliott v. Chicago etc. R. Co.*, 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068; *Grand Trunk R. Co. v. Baird*, 94 Fed. 946; *Railroad Co. v. Houston*, 95 U. S. 697, 24 L. Ed. 542; *Schofield v. Chicago etc. R. Co.*, 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. Ed. 224; *Aerkfetz v. Humphreys*, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758; *Missouri Pac. R. Co. v. Moesley*, 57 Fed. 921; *Stacklie v. St. Paul & Duluth*, 73 Minn. 37, 75 N. W. 734; *McCadden v. Abbot*, 92 Wis. 551, 66 N. W. 694; *Nixon v. Chicago etc. R. Co.*, 84 Iowa 331, 51 N. W. 157; *Sala v. Chicago etc. R. Co.*, 85 Iowa 678, 52 N. W. 664; *Keefe v. Chicago etc. R. Co.*, 92 Iowa 182, 60 N. W. 503, 54 Am. St. 542; *Collins v. Burlington etc. R. Co.*, 83 Iowa 346, 49 N. W. 848; *Carlson v. Cincinnati etc. R. Co.*, 120 Mich. 481, 79 N. W. 668; *Royskoyek v. St. Paul etc. R. Co.*, 76 Minn. 28, 78 N. W. 872; *Wilber v. Wisconsin Cent. R. Co.*, 86 Wis. 535, 57 N. W. 356; *Moccia v. New York Cent. etc. R. Co.*, 46 App. Div. 58, 61 N. Y. S. 338; *Lewis v. Vicksburg etc. R. Co.*, 114 La. 161, 38 South. 92, 108 Am. St. 335; *Greenlaw v. Louisville etc. R. Co.*, 114 Tenn. 187, 86 S. W. 1072; *Fore v. Chicago etc. R. Co.*, 114 Mo. App. 551, 89 S. W. 1034; *Carlson v. Chicago etc. R. Co.*, 96 Minn. 504, 105 N. W. 555, 113 Am. St. 655; *Woolf v. Washington R. & Nav. Co.*, 37 Wash. 491, 79 Pac. 997; *Helber v. Spokane R. Co.*, 22 Wash. 319, 61 Pac. 40; *Decker v. Stimson Mill Co.*, 31 Wash. 522, 72 Pac. 98; *McQuillan v. Seattle*, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799.

DUNBAR, J.—Accepting appellant's statement: The accident which occasioned plaintiff's injuries occurred in the defendant company's yards at Spokane. Spokane is a division terminal point, the company having there a large roundhouse and extensive yards in which its trains are made up. Plaintiff was a freight brakeman, and was injured while making ready to go out on his run. Just at the door of the roundhouse

in the yard is a turntable. Leading from the turntable to the east are two tracks. The one to the north, under which for quite a distance there is an ash-pit, lies alongside of the coal bunkers, and is known as the "coal" or "cinder" track, and is used for taking engines into and out of the roundhouse, for the purpose of coaling, watering, and removing ashes from them. The track next to it, to the south, is known as the "main lead" track, and is where the engines from the roundhouse are run out into the yard for their trains. On the day of the accident, the plaintiff was called to go out as head brakeman on his run to the east, about noon. When he reached the yards he found his engine, No. 143, standing on the main lead track, headed east. It is the head brakeman's duty to get his engine attached to the train, and pilot it through the yards. When plaintiff reached his engine, his conductor told him to hurry up and get his engine on the train. Plaintiff then walked to the east between the main lead and the coal tracks, to see if the switches were set properly. As he came opposite the ash-pit, the steam was rising from it so that he did not notice the switch stand and walked against it, continuing down the track to a point where he could see the switches were all clear. He then turned to go back to his engine. As he turned, he noticed an engine, No. 207, standing on the coal track at the coal bunkers. This engine was also headed east. The plaintiff saw no one around it, nor any steam issuing from it. He went back as he came, until he reached the switch stand opposite the ash-pit, when he stepped over towards the coal track to avoid the switch stand, and was immediately struck by engine No. 207, which was backing down towards the roundhouse. A rule of the company provides that the engine bell must be rung when the engine is about to move. A hostler was in charge of this engine, whose duty it was to see that the bell was rung, and the engine was equipped with an automatic bell-ringing device. Plaintiff also offered to prove that it was the custom of the

yards to ring the bell when an engine was moved. We will consider that this was proven; and it will be conceded, for the purposes of this case, that no warning was given of the move-ment of the engine, by bell, whistle, or otherwise. Plaintiff states in his brief that, if Waters, the hostler, had looked he could not have failed to see plaintiff walking between the tracks with his back to the engine, since there was no obstruc-tion of any sort there. But the testimony of plaintiff we think will not bear out this proposition. Engine No. 207, when it started, was about one hundred and fifty feet from the ash-pit. Just after plaintiff had turned out to avoid the switch stand, he was struck by the corner of No. 207's tender, thrown down, and received the injuries complained of. Upon the close of plaintiff's testimony, defendants challenged the sufficiency of the testimony, which motion was sustained, and verdict for the defendants was ordered, upon the ground that plaintiff was guilty of such negligence as would bar recovery. Appeal is taken from this judgment.

We are unable to distinguish this case in any essential par-ticular from the case of *Baker v. Tacoma Eastern R. Co.*, 44 Wash. 575, 87 Pac. 826, where we held that Baker, who was killed by a logging train backing onto him while he was attempting to cross a railway track in a switch yard where many engines and trains were constantly passing, was guilty of contributory negligence in not stopping to look and listen before stepping on the track; although it was the conceded duty of the company in that case to have a lookout, or rear brakeman, upon the train to protect the people passing along the street. If there is any difference, this is a more pro-nounced case of contributory negligence, for the appellant was a brakeman of many years' experience, perfectly familiar with the yard and the dangers incident thereto. He testified frankly that, in the performance of his duties, he was in and about the roundhouse nearly every day, and knew how the en-gines were handled about the roundhouse and the yard. He

also testified that he did not look to see if the engine was coming, because the steam was following' him and around him to such an extent that he could not have seen if he had. looked; that as a rule at that time the engines around the yard were blowing off more or less steam.   It seems to us that a man of experience who would place himself in the position that the appellant did, under the circumstances which he describes, cannot claim that he was exercising any degree of prudence or care whatever; but that, on the other hand, he was guilty of a high degree of negligence.   While, of course, the general doctrine, that the servant has a right to rely on the rules of the company in relation to warning, cannot be gainsaid, the law does not contemplate a blind, unreasoning reliance, but the servant must exercise ordinary care himself, even while relying on the exercise of duty on the part of the master. There are instances when, from the necessities of the case, and by reason of the duties imposed upon the servant, he must be protected in absolute reliance; as if, for instance, his duties called him under a car, or onto some dangerous place on or about a car or engine, where he was absolutely dependent upon the performance of duty on the part of the master. But such is not this case.   Here there were mutual duties to be performed.   The appellant was a healthy, competent man, presumably in the possession of all his senses.   These senses he neglected to exercise, and it was the two acts of negligence —negligence on his part and negligence on the part of the respondents, concurring, which caused the accident.   Under such circumstances he cannot recover.

The judgment will be affirmed.

MOUNT, C. J., HADLEY, FULLERTON, ROOT, and CROW, JJ., concur.