[No. 6413.    Decided March 30, 1907.]

LAFAYETTE SKINNER, *Respondent*, v. TACOMA RAILWAY & POWER COMPANY, *Appellant*.[1]

STREET RAILWAYS—PERSONS ON TRACK—DUTY OF MOTORMAN. When a street car motorman sees a man ahead in the street under no disability, he may assume that the other will exercise due care for his own safety, and it is not necessary for him to stop the car until he sees that the other is in apparent danger.

SAME—CARE REQUIRED AT CROSSING. It is not negligence for a motorman to fail to have a street car under absolute control at a street crossing so that it may be stopped immediately, where the track is clear and there were no passengers to take on at the far crossing.

SAME—CROSSINGS—CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN. A person is guilty of contributory negligence, as a matter of law, in stepping, on a dark night, in front of an approaching street car ten feet away, with its headlight burning, running within the speed limit, where a car bound in the opposite direction had passed and he knew that the cars were accustomed to meet there, and where the approaching car was in open view for a considerable distance while he was picking his way slowly across the mud and water in the street, without either hearing or seeing the car.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 14, 1906, upon the

[1]Reported in 89 Pac. 488.

verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action for personal injuries. Reversed.

*B. S. Grosscup* and *Fitch, Jacobs & Baker*, for appellant.

*Ellis & Fletcher* and *A. H. Denman*, for respondent.

Mount, J.—The plaintiff recovered a judgment against the appellant for $2,000, on account of injuries received by reason of one of the appellant's street cars striking and dragging the plaintiff along K street, in the city of Tacoma. Defendant appeals from that judgment.

The respondent alleged that the appellant was guilty of negligence, by reason of its servants driving an electric car at a high and reckless rate of speed, passing another car on a parallel track at a street crossing, without slacking speed or ringing a bell or holding said car under control at said place. The answer denied any negligence of the company, and alleged contributory negligence of the respondent. The facts, as shown by respondent's witnesses, are, in substance, as follows: K street runs north and south in the city of Tacoma. The appellant operates a line of street railway along this street, and maintains a double track between South Sixth street and South Eleventh street, which cross K street at right angles. The westerly track is used for southbound cars and the easterly track for northbound cars. The meeting point of all cars was upon these double tracks, usually between South Seventh and South Eighth streets. K street is straight and level along the whole length of the double tracks. Respondent had lived for more than two and a half years on the west side facing K street, between South Seventh and South Eighth streets. He was familiar with the running of the cars. His house was about two hundred feet south of South Seventh street, the block between Seventh and Eighth streets being about three hundred and forty feet long. On October 15, 1905, between seven and eight o'clock

in the evening, respondent, in company with a grown daughter, undertook to cross K street, going west on the crossing at the intersection of South Seventh street, on the south side thereof. The night was quite dark. There were no street lights near. The respondent and his daughter stood on the southwest corner of the block until· the south-bound car passed. Immediately thereafter they started to walk across the street, picking their way in the mud and water which was upon the crossing. They did not see or hear the north-bound car which was coming. The car was lighted and running not more than nine miles per hour, which was within the limit of speed allowed by the city ordinance. Respondent and his daughter both stepped upon the east track when the approaching lighted car was within about ten feet of them, respondent being between his daughter and the car. As soon as they stepped upon the track, the daughter saw the car and immediately stepped back and called to and caught at her father, but before he could escape the car struck him. As soon as the motorman saw the respondent and his daughter step into the light of the car on the track, he tried to stop his car, but was unable to do so in time to avoid the accident. The respondent was a man eighty-one years of age, but unusually spry and active for a man of his age.

There is some evidence that the car was going "fast" and at a "pretty rapid rate," making no noise. But there is no evidence whatever that the car which struck respondent was running at an unusual or dangerous rate of speed, or that the other car was at or even near the crossing. There is no evidence in the record that the appellant was negligent, except the mere fact that the accident occurred. The respondent's evidence shows that the accident could not have been avoided after respondent stepped upon the track in front of the car, unless the car had been moving slowly enough to be stopped within the space of ten feet. The south-bound car had passed the crossing before respondent and his daughter started to cross the street. The track which the north-

bound car was using was at least thirty feet from respondent when he started to cross the street. Respondent walked slowly, picking his way across the street. The two cars, therefore, must have met each other some considerable distance south of the crossing, and from that meeting point the north-bound car was in open view of respondent and his daughter, coming towards them with all its lights burning. It was not shown that the motorman could or did see respondent or his daughter until they had stepped into the light upon the track; but if we may suppose he could see them and did so before they walked upon the track, he had a right to assume that they would be ordinarily careful and not step upon the track in front of his car, and it was not necessary for him to stop his car until he saw them in apparent danger. *Duteau v. Seattle Electric Co.*, 45 Wash. 418, 88 Pac. 755.

It is claimed, however, that it was the duty of the motorman to have his car under control at street crossings so that he might stop there for passengers. The only evidence that the car was not under such control was the fact that the car was not actually stopped until it had crossed beyond Seventh street. The custom was to stop on the side opposite where the respondent was injured. There was no one upon the opposite crossing and, on account of being a dark street, it was seldom used by passengers intending to take the car, and the motorman did not intend to stop there for that reason. If it is the rule that cars must be under control at street crossings, this control, in the absence of legislative requirements, must be a reasonable control, depending upon the circumstances, and not an absolute control so that a car may be stopped immediately under all circumstances. If the motorman sees a clear track and has no occasion to stop and no reason to anticipate danger to another, it would not be negligence to maintain the usual rate of speed, even over a crossing. But if he sees, or ought to see, persons or vehicles thereon, not able to get out of his way readily, it

would certainly be negligence not to have such control of his car as to be able to stop before reaching such crossing. This case is one where there appeared to be no occasion for stopping at that time. We think the appellant's motion for nonsuit should have been sustained, upon the ground that no negligence of the appellant was shown.

There certainly can be no doubt that the respondent was guilty of contributory negligence when he deliberately walked in front of appellant's car. The respondent knew that the cars usually met upon that block. He was familiar with their running time. He saw the south-bound car pass. The night was dark, no lights nearby except the light of the car. Yet he carelessly walked upon the track, within ten feet of an approaching car with all its lights burning. He stepped directly into the rays of the headlight of the car. There was nothing to obstruct his view. We think there can be no dissenting opinion that this was negligence which caused his injury. The trial court should have, therefore, refused to submit the case to the jury. *Coats v. Seattle Elec. Co.*, 39 Wash. 386, 81 Pac. 830; *Criss v. Seattle Elec. Co.*, 38 Wash. 320, 80 Pac. 525; *Anson v. Northern Pac. R. Co.*, 45 Wash. 92, 87 Pac. 1058.

The judgment is therefore reversed and the case ordered dismissed.

HADLEY, C. J., FULLERTON, ROOT, CROW, DUNBAR, and RUDKIN, JJ., concur.