[No. 6893.   Decided November 6, 1907.]

JOHN B. MEY, *Appellant*, v. SEATTLE ELECTRIC COMPANY, *Respondent*.[1]

STREET RAILROADS—INJURY TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. A pedestrian is guilty of contributory negligence, precluding a recovery, in walking on a street car track in a city where cars were constantly passing, at a point where the sidewalk and part of the street was fenced off or taken up with building operations, where there was room, every few feet, for him to get off the track to allow a car to pass and he failed to keep on the lookout for cars coming up behind.

SAME—NEGLIGENCE OF MOTORMAN—EVIDENCE—SUFFICIENCY. In such a case, a motorman has the right to assume that the man would step off the track upon the approach of a car, and the company is not shown to be guilty of negligence by reason of running down the plaintiff, where the car was running at ordinary speed, and there was no proof that ordinary precautions were not taken.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 24, 1907, upon sustaining a motion for nonsuit at the close of plaintiff's testimony, dismissing an action for personal injuries sustained by a pedestrian through being struck by a street car.   Affirmed.

*Brightman & Tennant*, for appellant.

*Hughes, McMicken, Dovell & Ramsey*, for respondent.

DUNBAR, J.—The plaintiff and appellant is a farmer who lives in Kitsap county, Washington, across Puget Sound to the west of Seattle. Having occasion to come to Seattle on the 14th day of September, 1906, he landed from a steamboat at the Galbraith wharf, located a little to the west of the foot of Madison street, in the city of Seattle. Desiring to visit Schwabacher's hardware store, which is on the west side of First avenue, he proceeded from the wharf where he landed

[1]Reported in 92 Pac. 283.

east, on the north side of Madison street, to the intersection of Madison street and First avenue, this intersection being at right angles. M. Seller & Co. at that time were having a retaining wall built around their building on the south side of Madison street and on the west side of First avenue. The sidewalk where this work was going on was fenced off, so that passengers must go through an opening to get on to the sidewalk, or out into the street. Along the west side of First avenue, between the west rail of the west track of defendant's street railway and the curb, the street was occupied by sand, gravel, form boxes, etc., excepting a space next to the rail in places from two and one-half to three feet wide. The appellant turned south on First avenue and turned out into the street, walking along between the west rail of the defendant's car line and a pile of debris, and while walking along near this debris, or, as it seems to us from the testimony, just south of it, one of the defendant's cars, coming from the north and going in the same direction in which the plaintiff was going, ran against him, knocking him down, and causing the injuries complained of.

At the close of plaintiff's testimony the court sustained defendant's motion for a nonsuit, upon the ground (1) that he had failed to show negligence on the part of the defendant, and (2) that it appeared from the plaintiff's case that he was guilty of contributory negligence. Judgment was entered in favor of defendant, and from this judgment this appeal is taken.

We think the court did not commit error in sustaining this motion. While this court, in common with all other courts, has held that the right to use the street was a joint right with the ordinary traveler, whether equestrian or pedestrian, yet it has always recognized the patent fact that the cars traveling on fixed tracks must of necessity be accorded the right of way under ordinary circumstances. If this were not true the management and running of street cars in a city would be rendered impracticable if not impossible. In this case the

testimony of the plaintiff is somewhat indefinite. He did not seem to know very much about the distance that he traveled or where he was hurt. But the testimony of his supporting witnesses, especially that of Mr. McDonald, who was acting as a policeman at the time and who saw the accident and helped to pick up the appellant, was that there was an opening onto the sidewalk along the west side of First avenue, which, if the plaintiff had availed himself of it, would have protected him from any danger from the cars. It also appears from uncontradicted testimony that there was a passage, a portion of the way between the fencing which inclosed the sidewalk and the car line and where the debris was piled, that was wide enough to allow pedestrians to pursue their way and the street cars to pass without injuring them, and that a portion of the way there was not room; and that also at the point where the plaintiff was injured there was room between a carriage or hotel bus and the railroad track for a man to pass without being injured. This being true, it seems plain that it was the duty of the appellant, while traveling in close proximity to this track in a place where he testifies he knew that cars were passing at short intervals, to have exercised the ordinary caution of noticing, when he passed those points where there was not room for both man and car, whether there was any car which was liable to injure him. According to the testimony, the track was on an open, paved street where the slightest observation would have discovered the approach of a car. Not having exercised this ordinary caution, we think the plaintiff was undoubtedly guilty of contributory negligence.

Neither does it appear from the testimony that there was any negligence on the part of the motorman of the car. There is no proof that the car was running beyond its legitimate and ordinary speed. There is no proof that bells were not rung at the crossing, or that the ordinary precautions were not taken. There being room for the passenger to step out of danger every few steps all along the route which he

traveled, the motorman we think might well be justified in con-cluding that a pedestrian would step out of the way of the car instead of remaining on the track or so close to the track that he would be run down by it. This case we think falls squarely under the rule heretofore announced by this court in *Duteau v. Seattle Electric Co.*, 45 Wash. 418, 88 Pac. 755; *Coats v. Seattle Electric Co.*, 39 Wash. 386, 81 Pac. 830; *Criss v. Seattle Electric Co.*, 38 Wash. 320, 80 Pac. 525, and *Skinner v. Tacoma R. & Power Co.*, 46 Wash. 122, 89 Pac. 488.

The judgment is affirmed.

ROOT, MOUNT, RUDKIN, and FULLERTON, JJ., concur.

HADLEY, C. J. and CROW, J., took no part.