[No. 10796.   Department Two.   February 21, 1913.]

F. H. BARDSHAR, *Appellant*, v. SEATTLE ELECTRIC COMPANY, *Respondent*.[1]

STREET RAILROADS—ACCIDENT AT CROSSING—COLLISION WITH AUTOMOBILE—CONTRIBUTORY NEGLIGENCE OF DRIVER—EVIDENCE—SUFFICIENCY.   A chauffeur, whose car was hit by an electric car at a city crossing, as he started to cross the tracks behind another electric car discharging passengers on a parallel track, is guilty of contributory negligence, precluding any recovery, where his view on approaching the crossing was unobstructed for a distance of eight blocks, and he could have seen the approaching car if he had looked for it, but he failed to do so when he had the opportunity, and undertook to cross the track from behind the standing car where his view was obstructed without having observed the other car.

Appeal from a judgment of the superior court for King county, Main, J., entered June 27, 1912, dismissing an action in tort, upon granting a nonsuit.   Affirmed.

[1]Reported in 130 Pac. 101.

*Willett & Oleson,* for appellant.

*James B. Howe* and *A. J. Falknor,* for respondent.

MORRIS, J.—Appellant seeks to recover for damages to his automobile, resulting from a collision with one of respondent's street cars at First avenue and Union street, Seattle, about 8:30 p. m. September 13, 1910, and takes this appeal from a judgment of nonsuit, based upon the contributory negligence of the chauffeur.

The automobile was proceeding south on First avenue from Pike street, approaching Union street, one block to the south; it was passed by one of respondent's cars on the west or south-bound track. This south-bound car stopped on the south side of Union street to take on awaiting passengers. The chauffeur, desiring to cross First avenue at Union street, slowed down his automobile, and drove on behind the south-bound car, reaching Union street. He made the turn to the east as required by an ordinance of the city by going to the south of the street intersection. At this point he was behind the standing car a distance variously estimated by appellant's witnesses from fifteen to thirty feet. As the front wheels of the automobile ran onto the west rail of the east or north-bound track, it was hit by a car coming north, and received the damage complained of. The chauffeur testified that, from the time the south-bound car passed him in the middle of the block between Pike and Union, there was no car ahead of him, and nothing to obstruct his view, and that he could see down First avenue as far as Pioneer Square, some eight blocks away. His examination then continues:

"Q. How many cars did you see coming? A. I didn't look down that way. Q. You didn't look to see if there were any cars coming? A. No, I did not. Q. You did not observe whether there were any cars coming? A. No. Q. If you had looked you could have seen this car coming? A. I suppose so, . . . Q. Now you say that you were fifteen or twenty feet something like that, from the car that was standing still? A. The south-bound car? Q. Yes, was it

standing still when you started to go across? A. Yes. Q. And it blanketed your view? A. Down First avenue? Q. Yes. A. Yes. Q. Now you knew that the cars frequently operated up and down those tracks? A. Yes, I knew that. Q. And that the out-bound car came on the opposite track? A. Yes. Q. How far is it between the in-bound track and the out-bound track; four or five feet, isn't it? A. Yes, about that. Q. The front of your machine then if you made a right angle turn and was crossing directly up Union street, would be on the up-bound track before you could see down First avenue around the standing car? A. Yes."

Upon these facts, and others of similar import testified to by the chauffeur and the other occupants of the automobile, we think the lower court was right in holding they established contributory negligence. Much is said in appellant's brief about the rule of look and listen as applied to street car crossings, and the oft declared rule of this court that failure to do so is not *per se* negligence in law. Our position as to the proper application of this rule in cases of this character has been fully set forth in *Helliesen v. Seattle Elec. Co.*, 56 Wash. 278, 105 Pac. 458, and other cases there cited, and it is not necessary to again discuss it. We there said, after stating our view, that failure to look and listen before crossing the tracks of an electric railway in a public street was not negligence *per se*:

"But such a rule does not mean that one can heedlessly and carelessly cross the track without using his senses for his protection; nor does it mean that those who have eyes to see but see not and ears to hear but hear not, are exercising due care. In determining the question of contributory negligence, due care or ordinary prudence is the only known test. What would be due care under certain circumstances would not be due care under other and different circumstances; and in determining this question this court has refused to predicate its answer alone upon the fact that it did not appear that the person about to cross the track looked or listened, and say such failure of itself alone constitutes negligence in law. Other facts existing and present and affecting the situation must be given their due weight in determin-

ing the question of contributory negligence. In other words, it is not alone, Did the pedestrian look and listen? and upon answering that question in the negative, say it is negligence *per se,* and there can be no recovery. But the test is, did the pedestrian, under all the circumstances, use such a degree of care, caution, and prudence as an ordinary, prudent and careful pedestrian would use under like circumstances; and in answering such test, this court has in a number of cases held that the failure to look and listen was a fact to be considered in determining whether or no there was contributory negligence as a matter of law. *Skinner v. Tacoma R. & Power Co.,* 46 Wash. 122, 89 Pac. 488; *Mey v. Seattle Elec. Co.,* 47 Wash. 497, 92 Pac. 283; *Dimuria v. Seattle Transfer Co.,* 50 Wash. 633, 97 Pac. 657. The same rule has been applied to the drivers of wagons in crossing the track. *Christensen v. Union Trunk Line,* 6 Wash. 75, 32 Pac. 1018; *Criss v. Seattle Elec. Co.,* 38 Wash. 320, 80 Pac. 525; *Coats v. Seattle Elec. Co.,* 39 Wash. 386, 81 Pac. 830; *Davis v. Coeur d'Alene & Spokane R. Co.,* 47 Wash. 301, 91 Pac. 839; *Helber v. Spokane St. R. Co.,* 22 Wash. 319, 61 Pac. 40."

Other jurisdictions, adopting the same rule that such failure is not negligence *per se,* have made the same application of it as we have in the *Helliesen* case. *Denis v. Lewiston, B. & B. St. R. Co.,* 104 Me. 39, 70 Atl. 1047, and cases there cited; *Terien v. St. Paul City R. Co.,* 70 Minn. 532, 73 N. W. 412. These cases dispose of appellant's contention that, upon this point, the judgment cannot be sustained. If appellant could escape the effect of the legal principles upon which these cases are based, he would be met by the rule lately announced in *Stueding v. Seattle Elec. Co.,* 71 Wash. 476, 128 Pac. 1058, where it was held that one who passes behind a standing street car where there is a parallel track, without using his senses for his own protection and safety is guilty of contributory negligence. Upon principle the two cases cannot be distinguished. It was there said:

"The same rule obtains where the traveler takes observation from a point where he knows that his view is restricted and then heedlessly passes into the zone of danger."

This language is peculiarly applicable to the facts in this case, in view of the testimony of the chauffeur that from the time when the down car passed him it "blanketed" his view down the street, and that without taking any observation or precaution to ascertain whether or not a car was approaching upon the up track, he drove his machine upon the rails. Other points are discussed in the briefs, but they are not material upon the point presented by the ruling complained of, since that involves only the contributory negligence of the chauffeur.

The judgment is affirmed.

CROW, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.