[No. 11028.  Department Two.  October 29, 1913.]

H. L. BROWN, *Appellant*, v. PUGET SOUND ELECTRIC
RAILWAY COMPANY *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—CONTRIBUTORY NEGLI-
GENCE.  The driver of an automobile truck, colliding with an ap-
proaching street car, is guilty of contributory negligence, as a matter
of law, where, knowing that the car was approaching, he collided
with it, in turning·out to the left to pass a moving van ahead of him,
which momentarily hid the approaching street car from view, where
there was 18 feet of space in which he could have passed the van to
the right, and, also, space enough to the left to have passed be-
tween the van and the street car if he could have straightened out
his truck in time, as he thought he could do in safety.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered September 25, 1912, upon the
verdict of a jury rendered in favor of the defendant by di-
rection of the court, in an action in tort.  Affirmed.

*Govnor Teats, Hugo Metzler, Leo Teats,* and *Ralph
Teats,* for appellant.

*J. A. Shackleford* and *F. D. Oakley,* for respondents.

MAIN, J.—This is an appeal from a judgment directing a
verdict for the defendants at the close of the plaintiff's testi-
mony.  On December 4, 1911, the plaintiff was injured on
Pacific avenue, in the city of Tacoma, at about 150 feet south
of the center of South 19th street, through a collision with an
interurban car running north at a rate of speed variously
estimated by the witnesses at 25 to 35 miles per hour.  The
plaintiff, with his automobile truck, was going south travel-
ing at a rate of eight or ten miles per hour.  The speed
limit of the interurban cars at this point was nine miles an
hour, and for automobiles, twelve miles per hour.  At the
time of the accident, the plaintiff came down 17th street to
Pacific avenue, intending to go to 23d street and Pacific

[1]Reported in 135·Pac. 999.

avenue to deliver packages. When he reached a point about opposite the Northern Pacific depot, which is several hundred feet north of South 19th street, he saw a car coming around the bend at 24th street and Pacific avenue, on the inbound or east track of the defendant's double track along Pacific avenue. There were no other cars on the avenue between where the plaintiff was and the north-bound car at 24th street. The plaintiff proceeded south, straddled the west rail of the west or outbound track, which placed him to the west of the center of the avenue. When he reached about the center of 19th street, and about 155 feet from the point of collision, he again saw the car which then had reached 21st street. At the same time, he saw one Berry, an expressman, coming north on the east side of the avenue. Immediately or shortly after the plaintiff reached the center of 19th street, he noticed Berry turning across the avenue in front of him. Berry had a stand a little south of where he was making the turn across the avenue, where he hitched his horses and took orders for express. The plaintiff supposed that Berry was going to his stand. He had known Berry for a number of years and knew the location of his stand. While Berry was coming north on the avenue and making the turn, he was traveling at the rate of five or six miles and hour. Berry had a large moving van, about 13 feet long and, including top, nine feet high. When Berry had crossed the street car tracks and headed to the south, he stopped. At this time his wagon was two or three feet west of the outer rail of the outbound track. The plaintiff was approaching behind him. When Berry stopped, the plaintiff turned to the left for the purpose of passing around. As he made this turn, he collided with the interurban car which he had seen approaching at 21st street when he was at South 19th. He was thrown from his automobile and suffered the injury for which he brought the action. In describing the manner of the accident and the attendant circumstances, the plaintiff testified as follows:

"A.  I saw that car when I was in here nearly about opposite to the Northern Pacific depot, and I never noticed it any more particularly until I got down to 19th street; I then saw the car coming down I should say near 21st street; I should say it was right there by 21st street; that was when I was in here along here on 19th street (indicating all along); when I got down a little further probably seventy-five or one hundred feet further down, somewhere along there, Mr. Berry, an expressman with a big moving van was driving along the east side of Pacific avenue, coming up along that side of the track.  His stand is at 1912 Pacific avenue.  I knew it was his stand because I have known him for years and we passed one another and saw one another every day, I knew that was his stand.  He came up along there on the east side of the track, he was driving his team pretty fast and he started to turn across the tracks quick heading this way—(interrupted).  Q. Which way?  A. Headed south.  I supposed he was going into his stand at 1912 Pacific avenue, that is what I thought was his destination.  I turned to the left as the city ordinance says I should turn, I had the ordinance in my pocket at that time, they had been given to me by an official of the city of Tacoma as an instruction to guide where to drive and how to drive.  I turned to the left to pass his wagon and just as I got to the hind end of the wagon, the car, interurban car, caught me.  I could not see it on account of the side curtains.  As he was coming across the track around that way (indicating) headed back that way, I was headed this way (indicating all along).  I thought he was going into his stand there and just as I got to the hind end of the wagon, the interurban car caught me."

As to the distance he was behind Berry at the time the latter stopped, the plaintiff testified:

"Q.  About how far were you from him when he stopped still?  A.  I was right tight to him because I thought he was going right along to his stand across that way (indicating on exhibit) and I turned around and headed behind his wagon.  I don't suppose I was fifty feet from him, more than that, when he stopped; possibly not that far."

When the plaintiff turned to the left for the purpose of swinging around Berry's wagon, the left front of his auto-

mobile collided with the left front of the interurban car.  The
reason he did not see the car approaching so closely was the
fact that his view of it was obstructed by Berry's wagon.
The plaintiff knew that the car was approaching but, as he
testified, he thought he had time to swing around the wagon
in safety.  As already stated, he had not observed the car
since it had left 21st street.  Between the outer edge of the
sidewalk and Berry's wagon, as it was standing, there was a
space of about 18 feet.  Between the wagon and the track
upon which the car was approaching, there was sufficient
space for the automobile to have passed through in safety,
had it been coming straight down the outgoing track.  The
ordinances of the city of Tacoma require that a driver, when
attempting to pass another vehicle going in the same di-
rection, should turn to the left.

The sole question here for determination is whether or
not the appellant was guilty of contributory negligence, as
a matter of law, which was the proximate cause of the ac-
cident.

The facts of this case bring it within the rule of *Bardshar
v. Seattle Electric Co.*, 72 Wash. 200, 130 Pac. 101.  It was
there held that, where the driver of an automobile attempts
to cross the street from behind a standing street car without
using his senses to determine whether a car was approaching
from the opposite direction, and he collides with the ap-
proaching car immediately upon his passing from behind
the standing car, he is guilty of contributory negligence, as
a matter of law, and cannot recover.  The facts in that case
are in all essential particulars identical with the facts in the
present case.  There, the driver of the automobile attempted,
while coming down First avenue, in the city of Seattle, to
turn up Union street.  He passed in making the turn the
rear of a standing car on the inbound track, and the front
end of the automobile collided with the front end of a street
car approaching upon the other track; while here, the ap-
pellant passed from behind the moving van and the accident

occurred in the same manner. The only difference, if there is a difference, is in the fact that in the *Bardshar* case, the driver of the automobile testified that he did not know the car was approaching; while in the present case, the appellant had such knowledge. This fact, if it is material at all, would make the acts of the appellant not less negligent than were the acts of the driver of the automobile in the case cited.

Other questions are presented in the briefs, and many authorities cited, but the conclusion already reached makes further discussion unnecessary.

The judgment will be affirmed.

CROW, C. J., MORRIS, ELLIS, and FULLERTON, JJ., concur.