(No. 5451. Decided July 29, 1905.)

ARTHUR W. COATS, *Appellant,* v. SEATTLE ELECTRIC
COMPANY, *Respondent.*[1]

STREET RAILWAYS—INJURY TO PERSON ON TRACK—CONTRIBUTORY
NEGLIGENCE. The driver of a wagon, which was struck by a street
car, was guilty of contributory negligence, and a nonsuit is properly
directed, where on meeting an approaching car he looked back and
saw another car coming from behind on the opposite track fifty or
sixty yards away, but nevertheless turned out upon such track with-
out looking to see where the car was, and was struck before he had
time to get off the track.

Appeal from a judgment of the superior court for King
county, Morris, J., entered July 13, 1904, upon granting a
nonsuit, dismissing an action for personal injuries sustained
by the driver of a wagon struck by a street car. Affirmed.

*Wooten & Welch,* for appellant.

*Hughes, McMicken, Dovell & Ramsey,* for respondent.

MOUNT, C. J.—Action for personal injuries. The plain-
tiff was nonsuited below, on motion of the defendant at the
close of plaintiff's evidence. The facts as shown by the record
are substantially as follows: The respondent operates a
double line of street railway, on Jackson street, in the city
of Seattle. This street runs east and west, and was paved
with lumber between the outer rails of the two tracks. The
remainder of the street, on each side of the railway line, was
very muddy, almost impassable, so that teams traveling along
the street used the portion occupied by the railway.

On the evening of December 14, 1903, at about 6:30
o'clock, the appellant was driving an express wagon drawn
by one horse, east on this street, between Twentieth and
Twenty-first avenues. He was following the line of track on
the north or left hand side of the street. Just as he passed
Twentieth avenue, he saw a car coming toward him from

1Reported in 81 Pac. 830.

the east, on the track on which he was traveling. He looked back and saw another car coming behind him, on the south or right hand track. This last mentioned car was fifty or sixty yards away. The distance of the car in front is not mentioned, but plaintiff says:

"I had to get out of the way, and when I saw it on the track, and just as I had pulled out on to the other track, why, the other one struck me, and I don't remember anything about it."

The night was very dark, but there were street lights at the street intersections. Appellant had used this street before, and had always driven on the street car tracks. He was about one-third of the way between Twentieth and Twenty-first avenues when he turned to cross the track. At the time he turned to cross the track he did not look to see where the car was which was coming behind him. This car struck his wagon in the rear, and injured the appellant quite severely. Appellant heard no bells or gongs sounded.

The appellant was the only witness who testified as to the manner in which the accident occurred. One witness, who was a passenger on the car which caused the injury, and who was standing on the rear platform, stated that the car was running at the time not less than twenty-five miles per hour, and that he heard no bell sounded. Another witness who was on the same car said the car was running very fast, faster than usual and there was no gong sounded. The whole of the evidence upon the question of negligence of respondent is very slight; but, assuming for the purposes of this case, that there was sufficient to go to the jury because of the excessive rate of speed of the car and because no bells were sounded, yet the respondent's own evidence shows clearly, and beyond question, that he was grossly negligent in driving his horse and wagon directly in front of the car which injured him. He knew the car was coming from behind and was near to him, yet he did not look to see where it was, and just as he pulled on to the track, and before he had time to

get off, it struck his wagon. If he had looked he could have seen that the car was upon him, and that he could not cross the track to the right without imminent danger. This case is substantially the same as *Criss v. Seattle Electric Co.*, 38 Wash. 320, 80 Pac. 525. The lower court properly directed a nonsuit.

The judgment is affirmed.

CROW, RUDKIN, FULLERTON, HADLEY, and ROOT, JJ., concur.