[No. 6714. Decided October 10, 1907.]

PHILLIP DAVIS, *Respondent*, v. COEUR d'ALENE & SPOKANE RAILWAY COMPANY, *Appellant*.[1]

STREET RAILROADS—INJURY TO PERSONS DRIVING ACROSS TRACK— CONTRIBUTORY NEGLIGENCE. The driver of an express wagon, who sees an approaching electric car about a block away and proceeds to drive across the street car track without giving any further heed to the car, is guilty of contributory negligence precluding any recovery for injuries from a collision between the car and his wagon.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 18, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Reversed.

*Belden & Losey*, for appellant.
*Samuel R. Stern*, for respondent.

RUDKIN, J.—This action was brought to recover damages for injuries to person and property resulting from a collision between the electric cars operated by the defendant company and the plaintiff's express wagon, at the intersection of Browne street and Maine avenue, in the city of Spokane. The plaintiff had judgment for the sum of $270.83, and the defendant appeals.

[1]Reported in 91 Pac. 839.

The material facts are these: On the morning of March 29th, 1906, the respondent came out of the alley into Browne street near Main avenue, driving an express wagon loaded with empty bottles. As he proceeded along Browne street to its intersection with Main avenue, he saw the electric cars operated by appellant coming towards him on Main avenue about a block distant. Without giving further attention to the approaching cars, he proceeded to cross Main avenue, and as he did so the cars struck the rear of the wagon, causing more or less damage to the vehicle and injury to the person of respondent, for which a recovery was sought in this action. Two grounds of negligence were charged in the complaint; first, that the cars were running at a speed of more than eight miles per hour, in violation of the ordinances of the city of Spokane; and second, failure to sound the whistle or ring the bell.

The only testimony offered in support of the first ground of negligence was that of a small boy of thirteen years of age, who testified that the cars were running about "Eight, or ten or twelve miles an hour, somewhere along there." Inasmuch as the respondent saw the approaching cars and knew of their presence, it is not easy to see how his jeopardy was increased by the failure to sound the whistle or ring the bell; but, if we concede that there was sufficient evidence of negligence on the part of the appellant to carry the case to the jury, yet, we think, the evidence discloses a clear case of contributory negligence on the part of the respondent, under the ruling of this court. He saw the approaching cars a block or less away; he did not stop until the cars passed; he did not increase his own speed to avoid a collision, nor did he pay the slightest attention to the movement of the cars. In *Criss v. Seattle Electric Co.*, 38 Wash. 320, 80 Pac. 525, the plaintiff saw a street car approaching at about the same distance and proceeded to drive his team across the track in about the same manner. In *Coats v. Seattle Electric Co.*, 39 Wash. 386,

81 Pac. 830, the plaintiff saw a car approaching from the rear, while driving along the track of the railway company, and proceeded to cross the track without giving further heed to the approaching car.   In each case this court held that the contributory negligence of the plaintiff barred a recovery, and even a greater lack of care and caution on the part of the respondent is disclosed by this record.

The judgment is therefore reversed, with directions to dismiss the action.

HADLEY, C. J., CROW, DUNBAR, ROOT, and MOUNT, JJ., concur.