## INDIANA UNION TRACTION COMPANY *v.* PHEANIS.

[No. 6,566. Filed November 17, 1908. Rehearing denied May 13, 1909.]

1.  MUNICIPAL CORPORATIONS.—*Streets.—Use of.—Railroads.—Teamsters.*—The rights of an interurban railroad company and of drivers of vehicles to the use of the streets of a town are equal, ordinary care not to injure others being required of all. p. 655.

2.  NEGLIGENCE.—*Driving Down Car Tracks in Street.—Interurban Railroads.*—It is not negligence, as a matter of law, to drive down the tracks of an interurban railroad company laid in the streets of a town. p. 656.

3.  NEGLIGENCE.— *Ordinary Care.— Jury.— Interurban Railroads.*— Whether a huckster used ordinary care in driving down an interurban railroad company's tracks in a street, after dark, is a question for the jury. p. 656.

4.  WITNESSES.—*Interest.—Contingent Fees.—Physicians.*—A physician who testifies as an expert, and whose fee is contingent upon plaintiff's recovery, is interested; and it is proper to show such fact on cross-examination. p. 656.

5. TRIAL.— *Cross-Examination.—Discretion.—Witnesses.—Interest.*
   *—Appeal.*—The latitude to be allowed on cross-examination in de-
   termining the interest, bias, or prejudice of a witness is largely
   discretionary with the trial judge, whose decision will be over-
   thrown, on appeal, only for abuse of such discretion. p. 656.
6. EVIDENCE.—*Interest of Witness.—Exclusion.—Harmless Error.*
   —The trial court's refusal on cross-examination, to permit the
   showing of physician's interest is harmless, where three other
   physicians testified substantially as he did, two of whom were ap-
   pointed by the court to examine the plaintiff. p. 657.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by John Pheanis against the Indiana Union Trac-
tion Company. From a judgment for plaintiff, defendant
appeals. *Affirmed.*

*James A. Van Osdol* and *Kane & Kane,* for appellant.
*William S. Christian* and *Philip J. Fariss,* for appellee.

ROBY, J.—Recovery was sought in this action for personal
injuries sustained by plaintiff in an accident alleged to have
been caused by the negligent operation of defendant's inter-
urban cars. The complaint in one paragraph, in which
judgment for $10,000 was prayed, was answered by a general
denial. Trial, by jury, resulted in a verdict for plaintiff for
$700 upon which judgment was rendered.

The error relied upon is the overruling of appellant's mo-
tion for a new trial, the reasons given therefor being that the
verdict is not sustained by sufficient evidence, and is con-
trary to law and that the court erred in sustaining appel-
lee's objections to a question asked on cross-examination of
a witness, who was a physician, regarding his employment as
an expert witness and his payment therefor.

The following facts were shown by the evidence: Ap-
pellee, a huckster, was, about six o'clock, on a certain even-
ing in November, 1905, driving into the town of Cicero in a
covered wagon drawn by a span of mules. While driving
south on a street, in the center of which appellant's railway
track is located, he was passed by a work-train of two cars—
the first a flat motor-car, with a small cab on the front end,

and the trailer, an ordinary, interurban passenger-car. This train stopped at the Cicero station (some 600 or 800 feet beyond where it passed appellee) in order that a number of workmen might alight, and then immediately started backward for the purpose of reaching a switch north of Cicero, where it would await the passing of a north-bound limited car. After the cars passed appellee as they were going south, he turned his team to the west, expecting to cross the tracks. The tracks were constructed of T rails, and stood from one to three inches above the general level of the street. Appellee did not succeed in getting his wagon over the tracks, and continued to drive along them for some distance (with at least one wheel between the tracks). Suddenly he realized that a car was upon him, the mules turned to the right of the track, and the wagon was struck and thrown over to the west. Plaintiff's wagon had curtains about the sides and front, with an opening fourteen by eighteen inches directly in front of the driver's seat. The evidence as to the speed of the train at the time of the accident varied from five to twenty miles per hour. There was also variance as to whether there was a light on the rear or north end of the trailer, and as to whether the gong was being sounded. Appellant's brakeman testified on cross-examination that he intended to stand at the rear end and look out for persons on the track, and warn them and stop the car, but that he had started to walk back to the south end of the car to get a red lantern to place on the rear end when the collision occurred.

The rights of a huckster to drive his wagon and an interurban railroad company to run its cars upon the streets of a town are equal; the driver has the right to assume

1. that the company will exercise ordinary care and diligence to prevent a collision (*Indianapolis St. R. Co.* v. *Bolin* [1906], 39 Ind. App. 169; *Indianapolis Traction, etc., Co.* v. *Kidd* [1906], 167 Ind. 402, 7 L. R. A. [N. S.] 143; *Indianapolis St. R. Co.* v. *Schmidt* [1905], 35 Ind.

App. 202), and driving down the tracks of such rail-
2. road, which are in the middle of the street, is not
negligence. A motorman of a street-car and the
driver of a wagon however owe reciprocal duties to use
reasonable care to avoid a collision (*Indianapolis St. R. Co.* v.
*Marschke* [1906], 166 Ind. 490), and if appellee was not us-
ing such reasonable care he was guilty of negligence.

Whether appellee, who after dark attempted to cross
3. appellant's track and was prevented from immedi-
ately doing so by the height of the rails above the
surface of the street, and who continued down the track—
presumably until he found a place where his wagon could
cross—was not using reasonable care and was guilty of neg-
ligence, are questions of fact, and upon such questions the
verdict, being supported by evidence, is conclusive. The ab-
sence of the brakeman, or other watchman from the rear end
of the train, under such circumstances as this case presents,
together with the testimony that the cars were moving at a
high rate of speed and without rear lights or signals, jus-
tified a finding for appellee.

The question propounded on cross-examination by appel-
lant to appellee's witness Doctor Sturdivant, a physician,
and to which appellee's objection was sustained by
4. the court, is as follows: "You may state whether
or not, if it is not a fact that you are employed as
an expert witness in this case under an arrangement that
you are to be paid out of the recovery that is had in this
cause, if any recovery is had?" An expert whose fee is
contingent upon the result of the suit is an interested wit-
ness. *Provident Sav., etc., Soc.* v. *King* (1905), 216 Ill. 416,
75 N. E. 166. Such pecuniary interest disqualified a wit-
ness at common law, but now goes only to his credibility and
the weight to be given his testimony. §530 Burns 1908,
§506 R. S. 1881; *Shipman* v. *State* (1872), 38 Ind.
5. 549. A question tending to show interest is proper,
but the extent to which a cross-examination may be

carried, as well as its course and scope, is a matter within the sound legal discretion of the trial court, whether the purpose of such examination is to show the bias, prejudice or interest of the witness (*Hinchcliffe* v. *Koontz* [1890], 121 Ind. 422, 425, 16 Am. St. 403; *Bessette* v. *State* [1885], 101 Ind. 85), and unless it appears that there has been an abuse of such discretion, to the injury of the party complaining, the matter will not here be reviewed. *Houk* v. *Branson* (1897), 17 Ind. App. 119; *Baehner* v. *State* (1900), 25 Ind. App. 597; *Pennsylvania Co.* v. *Newmeyer* (1891), 129 Ind. 401, 405. The evidence of Doctor Sturdivant with regard to the extent of appellee's injuries, as it appears of record, does not vary materially from that of the three other physicians who testified in the case, two of whom had been appointed by the court to make a physical examination of appellee. Failure to permit the interest of Doctor Sturdivant, if any, to be shown, did not therefore injure appellant's case, and no reversible error is presented.

Judgment affirmed.