[No. 8105.   Department One.   July 30, 1909.]

## E. A. SNOWDELL, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

STREET RAILWAYS—COLLISION WITH WAGON—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.  In an action for injuries sustained by the driver of an express wagon in a collision with a street car in the business district of a large city, the plaintiff is not guilty of contributory negligence, as a matter of law, in assuming that he can cross the street car tracks in safety, where it appears that before crossing he looked back and saw the street car half a block away, approaching on an up grade, at ordinary speed, and the fender of the car struck one of the rear wheels of the wagon, the motorman not having slackened the speed of the car.

Appeal from a judgment of the superior court for King county, Griffin, J., entered November 11, 1908, upon the verdict of a jury rendered in favor of the plaintiff, for injuries sustained in the collision of an express wagon and a street car.  Affirmed.

*James B. Howe* and *H. S. Elliott*, for appellant.

*James Kiefer*, for respondent.

MORRIS, J.—On July 14, 1908, respondent was injured in a collision between an express wagon driven by him, and a

[1]Reported in 103 Pac. 3.

car of the appellant, at the intersection of University street and First avenue, in the city of Seattle. Action was commenced, resulting in a verdict for respondent; and appellant, alleging error in the refusal of the court to grant a nonsuit, in refusing its motion for an instructed verdict, and for judgment notwithstanding verdict, brings the case here on appeal. These claims of error all raise the same question, being based upon the theory that the evidence established contributory negligence. They will, therefore, be discussed together.

The accident happened at about half past five in the afternoon. Respondent was driving west on University street, and upon reaching First avenue, looked both ways for an approaching car, and says he saw a car on the north-bound track about half a block away, coming, as he judged, at ordinary speed, and thinking he had ample time to make the crossing, he drove onto the track. Other witnesses describe how the fender of the car caught a hind wheel of the wagon, tipping it, and throwing respondent to the ground.

Appellant contends his respective motions should have been granted upon the authority of *Criss v. Seattle Elec. Co.*, 38 Wash. 320, 80 Pac. 525; *Coats v. Seattle Elec. Co.*, 39 Wash. 386, 81 Pac. 830, and *Davis v. Coeur d'Alene & Spokane R. Co.*, 47 Wash. 301, 91 Pac. 830. We adhere to the rule announced in those cases, but the facts upon which it was predicated differ from the facts in this case. In the *Criss* case the plaintiff attempted to cross in front of a rapidly moving car. He knew it was coming down grade; he could see it a block or more away, but paid no attention to it, and did not look from the time he first saw it. He had every opportunity to see the car in the dark because of its lights, but the motorman could not see him until he came within the rays of the headlight, when it appears he applied his emergency brake and made every effort to stop the car, but was unable to do so. In the *Coats* case an expressman, driving east on Yesler avenue, Seattle, saw a car approaching him from the

east.   In order to avoid it, he drove upon the east-bound
track.   Before doing so, he looked back and saw a car ap-
proaching on the east-bound track, about fifty yards away,
and west of Twentieth avenue.   The night was dark, and
thinking the car would stop at Twentieth avenue, he drove
on the east-bound track without again paying any attention
to the car, which did not stop at Twentieth avenue; and be-
fore the motorman could bring the car to a stop after seeing
Coats, the collision occurred.   In the *Davis* case the collision
occurred on the outskirts of Spokane between a train of the
defendant's electric railway and Davis.   The latter saw the
train a block away approaching at a speed of from eight to
twelve miles an hour, but, without paying any attention to
the train, he drove upon the track and was injured.

In the present case, the evidence all shows the car was mov-
ing at the ordinary rate of speed on an up-grade.   The place
where the accident occurred is in the heart of the business
district of Seattle, where there is a large street traffic.   A
witness who was upon the car says he saw the wagon upon the
track, "and the car kept on going and I says to myself, 'that
fellow is going to get hit,' and the motorman didn't seem
to check him as he should have—didn't check the car as he
should have."   Other witnesses say, from the time they first
saw the car there was no slackening in its speed.

This evidence raised a plain question of fact for the jury,
upon the respective contentions of negligence, which were
submitted to the jury under proper instructions.   We can-
not say as a matter of law, as contended for by appellant,
that a person approaching a street railway crossing on a
busy street in a populous city, seeing a car approaching on
an up-grade at the ordinary rate of speed, half a block away,
is guilty of contributory negligence to such an extent as to
bar his recovery, in assuming he can make the crossing in
safety.   Whether such was the act of an ordinarily prudent
man under like circumstances was for the jury, and their

findings upon that question will not, under circumstances such as these, be disturbed.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., concur.