[No. 8228.  Department One.  November 2, 1909.]

JAMES HENRY, *Appellant*, v. SEATTLE ELECTRIC COMPANY, *Respondent*.[1]

STREET RAILROADS—COLLISION WITH VEHICLE—CONTRIBUTORY NEG-
LIGENCE OF DRIVER—QUESTION FOR JURY.  It cannot be said as a mat-
ter of law, that the driver of a heavy meat wagon with a slow team
is guilty of contributory negligence in driving upon a street car
track to pass a wagon, thinking he had time to make the turn before
the arrival of a street car which he saw approaching one block away,
but the reciprocal duties of the driver and the motorman present a
question for the jury.

EVIDENCE—DECLARATIONS—RES GESTAE.  In an action for damages
to a team and wagon in a collision with a street car, a statement
made by the conductor of the car on the return trip, three-quarters
of an hour later, that the motorman was "green at the business,"
is an incompetent expression of an opinion, in no way explaining or
characterizing the main fact, and hence is inadmissible as res gestae.

Appeal from a judgment·of the superior court for King
county, Tallman, J., entered January 11, 1909, dismissing
an action in tort, upon granting a nonsuit, after a trial
before a jury.  Reversed.

*Graves & Murphy* and *Charles H. Winders*, for appellant.

*James B. Howe* and *Hugh A. Tait*, for respondent.

MORRIS, J.—Action to recover damages for injuries to
appellant's horse, wagon, and harness, received in a collision
with respondent's car.  Judgment of nonsuit, and appeal
taken.

The negligence charged in the complaint was defective car,
incompetent motorman, and excessive speed.  The evidence
showed that, on the day of the injury, an employee of appel-
lant was driving a meat wagon, to which was attached a
heavy, slow team.  The wagon was a large, covered affair,
such as is ordinarily used by wholesale meat dealers in

[1]Reported in 104 Pac. 776.

making deliveries to their customers. It was proceeding east on Pike street, Seattle, and at the intersection of Broadway turned south, in order to pass a lumber wagon headed west on Pike. The driver of appellant's wagon testified it was necessary for him to drive upon respondent's track, intending to drive south on the west side of Broadway, after passing the lumber wagon, which was standing on the west side of Broadway between the car track and a watering trough. As the driver of appellant's team and wagon reached the intersection of the two streets, he looked north and south on Broadway, and saw a car just leaving Pine street, one block north. Thinking he had time to make the turn before the car reached him, he endeavored to do so, and while in the act, the car collided with the wagon, and the injuries complained of resulted.

From Pine to Pike on Broadway is a descending grade, and the driver testified that, as the car reached the center of the block, it had attained a speed of about twenty miles an hour; that he had no whip, but endeavored by urging to hurry the team, but being a heavy, slow team, he could not hurry them fast enough to make the turn before the car reached him. He also testified to a conversation with the motorman in which the motorman said: "The car got away from me coming down the hill." The only other witness testified that the car was traveling at a speed of fifteen or eighteen miles an hour when it reached Pike street. In ruling upon the nonsuit, the court found the driver guilty of contributory negligence. As indicating the court's view, we set forth his language as found in the record:

"The law is that, where a man sees a car even a block away and drives on the track and is hit by the car, he is guilty of contributory negligence to such an extent that he cannot recover."

Such is not a correct statement of the law, and the granting of the nonsuit was error.

Respondent in its brief states that the court below fol-

lowed the rulings of this court in *Criss v. Seattle Elec. Co.*, 38 Wash. 320, 80 Pac. 525; *Christensen v. Union Trunk Line*, 6 Wash. 75, 32 Pac. 1018; *Coats v. Seattle Elec. Co.*, 39 Wash. 386, 81 Pac. 830; *Helber v. Spokane St. R. Co.*, 22 Wash. 319, 61 Pac. 40; *Davis v. Coeur d'Alene & Spokane R. Co.*, 47 Wash. 301, 91 Pac. 839. And upon the authority of those cases the judgment, it is urged, should be sustained here. Upon an examination of those cases, it will be seen they are not analogous. In the *Criss* case, the car was seen a block away; the team was driven diagonally across the track, without again looking to observe where the car was; it was so dark the motorman could not see the team until he had approached within thirty or forty feet of them, while the lighted car was at all times in full view. In the *Christensen* case, the team was driven upon the track so close to the approaching car that, in the language of the driver, it struck him "almost instantly." In the *Coats* case, it was a dark night; the car was last seen fifty or sixty yards away, while the driver was upon the westbound track. Without again looking, but assuming the car would stop at an intervening street, Coats drove upon the eastbound track in front of the car. In the *Helber* case, the crossing was attempted without any endeavor to locate a car. In the *Davis* case, an interurban electric train was seen "a block or less away," upon the last look, and the crossing attempted without again looking.

The only similarity between any of these cases and the one at bar is that the car was seen a block away. Where several facts are involved, cases must have more than one fact in common before they can be said to be analogous or controlling, and to lay down such a broad rule as to say that a teamster is guilty of contributory negligence who attempts to make a turn upon a track, with a car known to be approaching him a block away, is to go beyond any authority in this state, and if there be any such elsewhere, we are not disposed to follow it. When a team is driven upon a street

car track with a car approaching a block or less away, the driver and the motorman assume each a reciprocal duty; the one must use ordinary prudence to avoid receiving injury; the other must use ordinary prudence to avoid inflicting injury. And when injury is inflicted, it is ordinarily for the jury, under proper instructions, to say who has neglected the duty and who has been guilty of the negligence. And it is only when, as in the cases above cited, the situation as to negligence is so plain, clear, and unequivocal as to admit of but one answer, that the court may declare negligence as a matter of law and enter a judgment of nonsuit. There was in this testimony sufficient evidence to submit the controlling questions to a jury, as questions of fact. *Snowdell v. Seattle Elec. Co.*, 54 Wash. 323, 103 Pac. 3; *Baldie v. Tacoma R. & Power Co.*, 52 Wash. 75, 100 Pac. 162; 27 Am. & Eng. Ency. Law (2d ed.), 70; *Keefe v. Seattle Elec. Co., post* p. 448, 104 Pac. 774.

In view of the fact that the conclusion we have reached necessitates a new trial, there is one other question in the case that must be disposed of. The driver of the wagon testified that, before leaving the scene of the collision, the car returned from the end of its run. He could not state the exact time of the return; says, "it wasn't such a long time"; "it may have been three-quarters of an hour, or something like that"; that he then had a conversation with the conductor of the car. When asked what the conductor said, an objection was made by respondent upon the ground that it was not part of the *res gestae*. This objection was overruled, and the witness answered:

"He got off the car and he come over to me and he says: 'Were you hurt?' I says, 'I was not.' He says, 'You come out lucky.' I told him I thought I did. He says, 'This motorman is green at the business.'"

Respondent then moved to strike the answer upon the ground "that the question and answer were incompetent, immaterial and irrelevant, and not a declaration made at the

time of the accident, but was hearsay and the expression of an opinion, and made by one not having authority to bind the defendant." This motion the court granted, and instructed the jury to disregard the answer as made by the witness. In order to be a part of the *res gestae*, the subsequent declaration must explain or in some way characterize the main fact. It must not be the narration of a past event, nor the expression of an opinion. In the evidence before us, the words of the conductor did not form part of the main transaction; nor did they in any manner qualify or explain any act of the driver of the wagon, or the employees of respondent at the time of the happening of the accident. It was nothing more than an expression of an opinion which was in no sense competent, and was properly stricken.

The judgment is reversed, and the cause remanded for new trial.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., concur.