[No. 8104. Department One. November 2, 1909.]

THOMAS KEEFE, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

STREET RAILROADS—COLLISION WITH VEHICLE—CONTRIBUTORY NEGLIGENCE OF DRIVER—QUESTION FOR JURY. The driver of an express wagon is not guilty of contributory negligence as a matter of law, in driving upon a street car track in a crowded street in a populous city, after seeing a car half a block away approaching on a slight down grade at the rate of three or four miles an hour.

SAME. It is not contributory negligence, as a matter of law, to stop upon the street car track to await the passing of teams blocking the way, while a car some distance away is approaching at the rate of three or four miles an hour; since the driver may assume that the car is under control, and the reciprocal duties of the driver and motorman raise a question for the jury.

[1]Reported in 104 Pac. 774.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 19, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by the driver of a wagon through a collision with a street car. Affirmed.

*James B. Howe* and *H. S. Elliott*, for appellant.

*E. B. Cresap* and *Higgins, Hall & Halverstadt*, for respondent.

CHADWICK, J.—On January 23, 1907, defendant, who was a driver of an express wagon in the city of Seattle, attempted to drive east across First avenue at the intersection of King street. Appellant maintains and operates a double track of street railway along the full length of First avenue, which is one of the principal business streets of the city and is used by a large number of pedestrians and vehicles. The east track was the out-bound track, and the appellant had nearly crossed the west track on which the car was approaching, when his progress was impeded by a string of five or six dirt wagons passing on the east side of First avenue. As respondent approached the crossing, he saw the car at Jackson street, one block north, and it was about a half a block away when he drove on the track. He could also see the approaching dirt wagons. The conductor and motorman estimated the speed at which the car was running at from three to four miles an hour. While the wagon was standing on the track, the car collided with it, and respondent was thrown onto the fender of the car, from which he suffered an injury. From an adverse verdict, the company has appealed, alleging that defendant was guilty of contributory negligence.

The following cases are relied upon: *Christensen v. Union Trunk Line*, 6 Wash. 75, 32 Pac. 1018; *Criss v. Seattle Elec. Co.*, 38 Wash. 320, 80 Pac. 525; *Coats v. Seattle Elec. Co.*, 39 Wash. 386, 81 Pac. 830; *Davis v. Coeur d'Alene & Spokane R. Co.*, 47 Wash. 301, 91 Pac. 839. While it is true

that quotation may be made from each of these cases that would seem to sustain appellant's contention, we cannot overlook the fact that in all cases of this character the law must be drawn to fit the circumstances of each particular case. The court had occasion to review and explain these decisions in a recent case wherein the facts are almost identical with the case at bar—*Snowdell v. Seattle Elec. Co.*, 54 Wash. 323, 103 Pac. 3—the only material difference being that in that case the car was approaching on an up grade, while here there was a slight down grade. It was there held:

"We cannot say, as a matter of law, as contended for by appellant, that a person approaching a street railway crossing on a busy street in a populous city, seeing a car approaching on an up grade at the ordinary rate of speed, half a block away, is guilty of contributory negligence to such an extent as to bar his recovery, in assuming that he can make the crossing in safety. Whether such was the act of an ordinarily prudent man under like circumstances was for the jury, and their findings upon that question will not, under circumstances such as these, be disturbed."

It is true that the motorman and others testified that the car was beyond his control because of the slippery condition of the track, but there was a conflict of evidence upon this question, and the effect of the verdict is that the car might have been stopped before the collision.

While the evidence might well have justified a verdict against respondent, the jury has foreclosed the right of appellant to assert that the negligence of the motorman, who saw respondent in his then situation and more than a half a block away, was not the proximate cause of the injury. Appellant assumes that, because respondent stopped on the track, he was negligent, or at least that the negligence of the parties being equal, he cannot recover. Negligence is a relative question, and the conduct of respondent must be measured with the line of ordinary prudence. As intimated in the *Snowdell* case, what might be negligence where traffic was light or in a rural district or in the nighttime, cannot

be made the standard where the accident occurs in a crowded city street in broad daylight. The facts declare the law in such cases. *Ex facto jus oritur.* In cases such as we have here, the proximity or remoteness of the car, its speed, the time of day, the condition of the track, the clearance or congestion of the street, are all circumstances to be considered. For, if the rule was that a party had no right to drive on or over a street railway track if he could see a car approaching, he could never attempt to cross a track in a crowded part of the city. This rule would operate to deprive the individual and the driver of a vehicle of his equal right to the use of the street, and give a street car company an absolute right of way. *Philbin v. Denver City Tramway Co.,* 36 Colo. 331, 85 Pac. 630; *Denver City Tramway Co. v. Martin* (Colo.), 98 Pac. 836.

The duties of the motorman and the driver of a vehicle being reciprocal, it all comes down to the question of ordinary care under the given circumstances. Ordinary care on the part of the motorman means that degree of care which men of ordinary prudence and skill engaged in like work would exercise under similar circumstances; while ordinary care on the part of the driver means that degree of care which a man of ordinary prudence, driving a wagon engaged in like work and under the same or similar circumstances, usually exercises for his own safety. *Louisville R. Co. v. Boutellier,* 33 Ky. Law 484, 110 S. W. 357. It, therefore, cannot be said, as a matter of law, that one who drives upon or across, or by reason of passing teams is compelled to stop on a street railway track, the approaching car being at some considerable distance, is guilty of such negligence as a matter of law as will preclude a recovery. The driver has a right to assume that the car is under control, or will be controlled, when the motorman sees him upon the track, and that he will not run into him. It is for the jury to say whether he or the motorman was guilty of that negligence—the last effi-

cient cause—but for which the accident would not have happened. The following late cases, making due allowance for difference in speed of cars, etc., square with these conclusions: *Hall v. St. Louis & S. R. Co.*, 124 Mo. App. 661, 101 S. W. 1137; *Cole v. Metropolitan St. R. Co.*, 121 Mo. App. 605, 97 S. W. 555; *Indiana Union Traction Co. v. Pheanis* (Ind. App.), 85 N. E. 1040; *Deitsch v. Trans. St. Mary's Traction Co.*, 155 Mich. 15, 118 N. W. 489; *Adams v. Union Elec. Co.*, 138 Iowa 487, 116 N. W. 332; 2 Thompson, Negligence, 1387; 3 Elliott, Roads, 1095. And the following Washington cases: *Burian v. Seattle Elec. Co.*, 26 Wash. 606, 67 Pac. 214; *Baldie v. Tacoma R. & Power Co.*, 52 Wash. 75, 100 Pac. 162; *Traver v. Spokane St. R. Co.*, 25 Wash. 225, 65 Pac. 284; *Henry v. Seattle Elec. Co.*, ante p. 444, 104 Pac. 776.

As has been said, the facts speak the law in each case, and it does not follow from what we have said that a person has a right to go blindly upon a track when a car is so near that his attempt must necessarily result in a scramble for the right of way. Reciprocal duty means that each party is bound to use ordinary care, having due regard for the rights of the other, taking into consideration the ability or inability of either party to give way to the other.

"It would be inexpedient to attempt any complete enumeration of the modifications of or exceptions to the general rules of equality of rights between street cars and other vehicles used on a street. But it is certain that there is no modification or exception that relieves a street railway company from exercising, at least, as much care to avoid collisions with other vehicles as the owners of the latter are required to exercise in order to avoid collisions with the cars." *Shea v. St. Paul City R. Co.*, 50 Minn. 395, 52 N. W. 902.

So, as the duties of the driver of the vehicle and the street car company are reciprocal, one has no absolute right of way over the other. They are bound to share the delays and annoyances incident to congested traffic.

There was some testimony to sustain the verdict, and finding no error in the record, the judgment is affirmed.

RUDKIN, C. J., GOSE, MORRIS, and FULLERTON, JJ., concur.