[No. 8378. Department Two. July 21, 1910.]

HENRY TECKLENBURG *et al.*, *Respondents*, v. EVERETT RAILWAY, LIGHT AND WATER COMPANY, *Appellant.*[1]

STREET RAILROADS—COLLISION AT STREET CROSSINGS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. In an action for injuries to horses and a furniture van in a collision with a street car, the negligence of the motorman, and the contributory negligence of the driver of the team, are for the jury, where there was evidence to the effect that the driver of the van, traveling about fifteen feet from and parallel to the track, looked back before attempting to cross the track at a street crossing, and saw no car approaching because he could see back only about half a block on account of the curtains on the van, that the car was approaching from behind at the rate of twenty-five miles an hour, without bell or signal, and not under control, at a street crossing in a well-settled portion of the city where the speed limit was ten miles an hour, and struck one of the horses before the team could be turned back, carrying the horse fifty-five feet and running twenty feet further before it was stopped.

EVIDENCE—OPINIONS—NONEXPERTS—SPEED OF CAR. Nonexpert witnesses, who have an opportunity for observation in the case at hand, may give their opinions as to the rate of speed at which a street car approached a street crossing and collided with a team.

APPEAL AND ERROR—PRESERVATION OF GROUNDS—OBJECTIONS TO EVIDENCE—SUFFICIENCY. In an action against a street car company for injuries to a team, struck by a car traveling in a city street at the rate of twenty-five miles an hour, in which the defendant street car company admitted ownership of the franchise under which the complaint alleged it was operating, an objection as irrelevant and immaterial, upon plaintiff's offer of a certain ordinance "as the franchise ordinance of the defendant company," to show the speed limit, does not raise the objection that the ordinance offered granted a franchise to another company, its successors and assigns, and not to the defendant company; since the objection should have been specific so that the plaintiff could have offered evidence to identify the franchise as the one under which defendant was operating.

TRIAL—INSTRUCTIONS—REQUESTS. It is not error to refuse requests for instructions covered by the instructions given.

[1]Reported in 109 Pac. 1036.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered June 29, 1909, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action in tort. Affirmed.

*Brownell & Coleman,* for appellant.
*Bell, Anderson & McLaren,* for respondents.

Crow, J.—This action was commenced by Henry Tecklen-
burg and G. G. Gabrielson, copartners doing business under
the firm name and style of Northern Transfer Company,
against Everett Railway Light and Water Company, a cor-
poration, to recover damages for injuries to a team and
loaded van. From a judgment in their favor, the defendant
has appealed.

The appellant owns and operates an electric railway on
Broadway and other streets in the city of Everett. The re-
spondents are engaged in the transfer business. On February
16, 1909, Lowell Giggey, their employee, was driving one of
their teams and a loaded van. As he was about to cross ap-
pellant's railway track at the intersection of Broadway and
Thirty-seventh streets, one of the appellant's cars, traveling
on Broadway in the same direction in which Giggey had been
driving, overtook and collided with the team, killing one of
the horses, and injuring the van and its contents. Respond-
ents alleged appellant's negligence in the following language:

"That as plaintiff's said employee had reached said cross-
ing, defendant negligently and carelessly ran one of its
street cars up to, upon and across said crossing of Broadway
and 37th street at a high and dangerous rate of speed, ex-
ceeding ten miles an hour, and negligently and carelessly
omitted, while so approaching said crossing, to give any
signal by ringing a bell or sounding a whistle, and neg-
ligently and carelessly omitted to have said car under control.

"That solely by reason of defendant's negligence, said
street car struck plaintiffs' horses and killed one of them
immediately; and also struck plaintiffs' van, breaking it and

25—59 WASH.

the harness to pieces; and also broke and injured the furniture and household goods in said van."

Appellant by its answer admitted that it was the owner of the franchise and street railway, denied negligence on its part, and affirmatively pleaded contributory negligence. Respondents' witnesses testified that Giggey was slowly traveling on Broadway, parallel with and about fifteen feet from the railway track; that before he attempted to cross at the intersection of Thirty-seventh street, he looked north and south along Broadway to see whether any car was approaching; that by reason of curtains on the van he could see only half a block, or about two hundred and forty feet; that he neither saw nor heard any car; that he then endeavored to turn his horses across the railway; that just as the fore feet of the horses were in the center of the track, he heard an approaching car; that he immediately attempted to turn back from the track; that before he succeeded in doing so, the car struck; that one horse, weighing about fifteen hundred pounds, was killed and carried about fifty-five feet; that the car ran about twenty feet further; that it was moving at the high rate of speed of twenty-five miles an hour or more; that no whistle was sounded; that no bell was rung; that Giggey did not know of the approach of the car until it was nearly upon him; that the motorman did not have it under control, and that the accident occurred at a street crossing in a well-settled portion of the city. Much of this evidence was disputed. Appellant's witnesses testified that Giggey was traveling ahead of the car about four feet from the track; that the car was running from seven to twelve miles per hour; that the motorman rang the bell; that Giggey unexpectedly turned across the track when only sixty feet ahead of the car, and that the motorman applied the emergency brake, reversed the car, and stopped as quickly as possible.

Appellant first contends that the trial court erred in denying its challenge to the sufficiency of the evidence and in refusing its motion for a directed verdict. From the brief

statement of the conflicting evidence above set forth, it is manifest that the challenge and the motion were properly denied. Appellant insists that Giggey was guilty of contributory negligence in suddenly and unexpectedly attempting to cross the track immediately in front of the approaching car. The evidence of respondents' witnesses, which must have been accepted by the jury, was sufficient to sustain their finding that Giggey was exercising ordinary caution, that he did look, that he attempted to cross at the intersection of Thirty-seventh street, and that appellant's car was running at a reckless and dangerous rate of speed. A motorman seeing a team driving ahead of his car in the same direction he is traveling and parallel with the track, might be justified in assuming that the teamster would not attempt to cross the track at other points than street crossings, but he would not be justified in assuming that the driver would not cross when he reached the intersection of another street where it might become necessary for him to change his course of travel. There was sufficient evidence to sustain the jury in finding negligence on the part of the appellant, and we would not be justified in holding that the respondents' servant, Giggey, was, as a matter of law, guilty of such contributory negligence as to preclude a recovery in this action. The issues of negligence and contributory negligence were for the jury. *Henry v. Seattle Elec. Co.*, 55 Wash. 444, 104 Pac. 776; *Keefe v. Seattle Elec. Co.*, 55 Wash. 448, 104 Pac. 774; *Wilson v. Seattle, Renton & Southern R. Co.*, 55 Wash. 651, 104 Pac. 1112.

Appellant further contends that the trial court erred in permitting respondents' witnesses to testify to the speed of the car at the time of the collision, and in support of such contention makes the following quotation from *Mathieson v. Omaha St. R. Co.*, 3 Neb. (Unof.) 743, 92 N. W. 639:

"It is conceded that a witness need not be an expert in order to be permitted to give his opinion of the rapidity of motion of familiar objects like railway trains and street cars, but he must be shown to have had, and to have availed himself

of, an opportunity for observation in the case in hand."

The witnesses resided in the city of Everett, were acquainted with the locality, the street, and the railway, had frequently noticed cars running thereon, saw this particular car at the time of the accident, had an opportunity for observation in the case in hand, and, under the rule announced in the citation, were qualified to state their opinion. A witness who has observed an occurrence may state his opinion with reference thereto when the occurrence is of such a nature that he cannot reproduce and describe it to the jury exactly as it appeared to him at the time. This court, in *Sears v. Seattle Consol. St. R. Co.*, 6 Wash. 227, 33 Pac. 389, 1081, said:

"It is a general rule of evidence that witnesses may not give opinions as to matters of fact which the court or jury are ultimately to determine. But this rule is not without exception. And the exception is not confined to the evidence of experts who may give opinions on questions requiring special skill, knowledge or learning, but includes the evidence of common observers who may state the results of their observations in regard to ordinary appearances and conditions of things which cannot be produced to a jury exactly as they were observed by the witness at the time. . . . The witness in this case expressed his opinion as a conclusion of fact based upon the observation made by him, at the time of the accident, as to the rate of speed of the car and the exertions made by the motorman to stop it; and it seems to us that the testimony is clearly embraced within the rule above stated."

Appellant further contends that the trial court erred in admitting in evidence a certified copy of an ordinance entitled, "An ordinance granting to Everett Railway and Electric Company, its successors and assigns, a franchise to build and operate street railways in the city of Everett, Snohomish county, Washington," section 6 of which contained a speed limit of ten miles per hour. Appellant now calls attention to the fact that the franchise was granted to the Everett Railway and Electric Company, which is not the defendant company in this action, and that there is no evidence to iden-

tify them. This objection cannot be sustained, being made for the first time in this court. The complaint alleged, and the answer admitted, appellant's ownership of the franchise under which the railway in question is operated. When the ordinance was offered, respondents' attorney said: "We offer in evidence plaintiffs' exhibit D, being a certified copy of Ordinance No. 130, *which is the franchise ordinance of the defendant company*, for the purpose of showing the limit of speed that it is entitled to operate thereunder, under their franchise." To this offer the appellant's attorney said: "I object to it, on the ground that it is irrelevant and immaterial." No other objection was made, nor was attention called to the fact that the corporation named in the franchise was not the defendant corporation or its assignor. If the ordinance was not the one under which the appellant owned and operated its street car system, attention should have been called to that fact at the time of the offer, and respondents, if they could have done so, would have offered evidence to identify the franchise as the one under which the appellant is operating its line. When objections to evidence are not sufficiently definite to call the attention of the trial court to the particular ground upon which they are based, error cannot be successfully predicated thereon.

Appellant further contends that the trial court erred in refusing certain instructions requested, and in instructions given. The points involved in the instructions requested are covered by other instructions given. We are unable to find any error in the instructions given.

The judgment is affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, and PARKER, JJ., concur.