[No. 15631.  Department One.  March 20, 1920.]

## B. F. REED, *Appellant,* v. TACOMA RAILWAY & POWER COMPANY, *Respondent.*[1]

MUNICIPAL CORPORATIONS (379, 388)—MUTUAL RIGHTS AT CROS-SINGS—COLLISION—PROXIMATE CAUSE. It was gross and inexcusable negligence for the motorman on a street car to increase its speed after seeing an automobile on the track endeavoring to cross ahead of the street car, which was the only available course to take to avoid a collision; and such negligence was the last proximate efficient cause, where, had the street car not increased its speed, no collision would have occurred.

Appeal from a judgment of the superior court for Pierce county, Fletcher, J., entered March 25, 1919, dismissing an action for injuries sustained in a collision, upon granting a nonsuit, after trial to a jury. Reversed.

*Williamson, Williamson & Freeman,* and *Warren H. Lewis,* for appellant.

*F. D. Oakley,* for respondent.

MITCHELL, J.—B. F. Reed appeals from a judgment of nonsuit in an action for damages for injuries to his person and automobile caused by a collision with a street car, at the intersection of Yakima and Division avenues, in the city of Tacoma. The collision happened about midnight, June 22, 1918. Plaintiff and five others in the automobile driven by his daughter were going northerly along Yakima avenue across Division avenue. The street car was east-bound. From the south, Yakima avenue intersects Division avenue at less than a right angle. Arriving near Division avenue, the driver of the automobile, on looking to the left, saw no street car. When within about eighteen

[1]Reported in 188 Pac. 409.

feet of the point at which her course would cross the street railway track, she looked again backward to her left and observed a street car coming at a rapid rate of speed. Others of the party saw the street car at about the same time. There is testimony to show that, at that time, the street car was seventy-five to one hundred and twenty-five feet from the point at which the collision took place. The automobile, going twelve to fifteen miles an hour, entered the street intersection an appreciable length of time ahead of the street car. The street intersection was well lighted. The driver and others in the automobile testified it could not be safely stopped, nor gotten out of the way of the street car except by attempting with greater speed to cross ahead of the street car. That plan was adopted. From a point about the center of the block west of Yakima avenue, the speed of the street car was constantly increased until the collision occurred, at which time it was going from thirty to forty miles an hour. Occupants of the automobile testified that, but for the rapid and increasing speed of the street car, the automobile would have passed in safety. The front left corner of the street car struck the rear left corner of the automobile, just "half a second," the proof shows, before they would have cleared each other. After the collision, the street car was stopped within about two hundred feet. The conductor and motorman came back to the scene. In reply to some statement by a person on a motorcycle, the motorman of the street car said:

"You folks riding motorcycles and automobiles at the rate of 60 and 70 miles an hour and expecting us to do all the watching out and avoiding collisions should be taught a lesson, and it would be a good thing if there were more collisions like this, and I do not intend to do all the stopping myself, but you fellows will sort of have to look out for yourself."

An ordinance of the city limits the speed of street cars, at the place in question, to twelve miles an hour. There is no testimony that the street car gave any sound of its approach, although the appellant testified that, just before reaching Division avenue, he heard the gong of a street car. Another street car had passed the same way about one minute earlier.

Thus it appears the driver of the automobile, upon seeing the danger, did make an effort to avoid it. She adopted a course which she and her companions said was the only one available in the emergency. At the same time, it is obvious that, if the motorman had made the slightest effort to prevent the collision, at almost any instant of time prior thereto, the accident would not have occurred. On the contrary, the testimony shows the motorman, while somewhat overtaking the automobile, the persistent course of which was converging with his own, continued to increase the speed of the street car until the impact actually took place.

The rights and obligations of parties situated as these were have often been considered by this as well as other courts. "These rights are mutual and reciprocal. Each must have a due regard for the rights and safety of the other." *Arpagaus v. Washington Water Power Co.*, 86 Wash. 83, 149 Pac. 346. In the last analysis, the rule is one of ordinary care on the part of each under the given circumstances. Respondent undertakes to preclude appellant by the so-called antecedent negligence of his daughter in approaching so near the street-car track that she could not stop the automobile before the collision. The contention, however, loses sight of the right of appellant's daughter to assume that respondent's motorman would attempt to control the street car, or at least that he would not continuously increase its already unlawful speed until the very moment of striking the automobile. That

kind of conduct on the part of the motorman may be appropriately termed ''gross and inexcusable negligence.'' *Denny v. Seattle, Renton & S. R. Co.,* 60 Wash. 426, 111 Pac. 450. In this case, even assuming prior negligence as charged upon the appellant's daughter, we think it is for the jury to say which of the parties was guilty of that negligence — the last proximate, efficient cause — but for which the accident would not have happened. *Snowdell v. Seattle Elec. Co.,* 54 Wash. 323, 103 Pac. 3; *Henry v. Seattle Elec. Co.,* 55 Wash. 444, 104 Pac. 776; *Keefe v. Seattle Elec. Co.,* 55 Wash. 448, 104 Pac. 774; *Denny v. Seattle, Renton & S. R. Co., supra; Morris v. Seattle, Renton & S. R. Co.,* 66 Wash. 691, 120 Pac. 534; *Blair v. Calhoun,* 87 Wash. 154, 151 Pac. 259; *Locke v. Puget Sound International R. & Power Co.,* 100 Wash. 432, 171 Pac. 242, L. R. A. 1918D 1119.

The judgment is reversed, and the cause remanded for a new trial.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MAIN, JJ., concur.