[No. 18174. Department Two. November 20, 1923.]

C. W. McLAUGHLIN *et al., Respondents,* v. TACOMA
RAILWAY & POWER COMPANY, *Appellant.*[1]

STREET RAILWAYS (13, 29)—COLLISION WITH AUTO—NEGLIGENCE—
EVIDENCE—QUESTION FOR JURY. The driver of an automobile is not
guilty of contributory negligence as a matter of law where there
was evidence that, having just passed a street car that had stopped
for passengers, and being thirty feet in advance, he turned in front
of the street car to avoid an automobile parked at the curb near the
street car tracks.

Appeal from a judgment of the superior court for
Pierce county, Askren, J., entered February 23, 1923,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries sustained in
a collision of a street car with an automobile. Affirmed.

*F. D. Oakley,* for appellant.

*Gordon & Nolte* and *P. L. Pendleton,* for respond-
ents.

PEMBERTON, J.—This is an action against appellant
to recover damages resulting from injuries received
by reason of a collision between a street car of appel-
lant and an automobile driven by C. W. McLaughlin,
one of the respondents. It is alleged in the complaint
that, while respondent was driving south on St. Helens
avenue, near the Y. M. C. A. building, in Tacoma, he
drove near the appellant's tracks past an automobile
parked near the curb, and that his car was struck by a
street car running in the same direction as the automo-
bile. It is claimed that the accident was caused by
reason of the failure of appellant to use reasonable
care in the operation of its street car. The appellant

[1]Reported in 220 Pac. 770.

denied the allegations of negligence; and, as an affirmative defense, alleges:

"That the accident was due to the careless and negligent conduct of said respondent in that he drove his automobile directly in front of the street car and into collision therewith and that he failed to look or listen or use his mental faculties to avoid doing so."

Judgment was entered upon a verdict of jury against appellant, from which judgment this appeal is taken.

Concerning the accident, respondent testified as follows:

"As we came down Sixth avenue to St. Helens, there was a street car passing in front of us coming on down St. Helens avenue at Sixth; we followed the street car until the car stopped at Seventh street to let off or take on passengers. At that point I drove up alongside of the car when the passengers were off or on, before the motorman had started his car I started ahead, and as I drove even with the door he was closing his door. I drove ahead and within the first 30 feet or so, we passed the street car and drove on down St. Helens avenue. When about two-thirds of the distance across Market street, I should judge, I looked back at the left to see if the street car was coming, because there were parked cars at the corner of the triangle, two cars close to the corner, and I thought that if any car was coming very closely I would turn out and go down Market street rather than straight on down St. Helens avenue. Seeing the car was something like 30 feet, at least I should judge it to be fully 30 feet behind me, I assumed that I was going at least as fast as the car was or I wouldn't be ahead of it that far, I continued to drive on down St. Helens avenue, and just as I was clearing the first two parked cars I felt an impact from the rear and at the same time the gong sounded on the street car and this impact caused the rear end of my car to swing toward the curb, which threw us right in front of the street car and my machine was carried approximately 60 to 65 feet down the street in front of the street car,

at first at a considerable increased speed over what I had been driving."

A young man riding with respondent at the time of the accident corroborated respondent as to how the accident occurred, and testified that the automobile, at the time of the accident, was traveling approximately fifteen miles per hour. A large number of passengers on the street car testified that respondent drove his automobile immediately in front of the street car, and that at no time was the automobile thirty feet ahead of the same.

It is the contention of appellant that the accident occurred as testified to by the witnesses of appellant, and the judgment should be reversed.

The record shows that these facts have been submitted to three different juries, and these juries have all decided the facts in controversy in favor of respondent. It cannot be said, as a matter of law, that, if the accident occurred as testified to by respondent, he was guilty of contributory negligence. It is often necessary for one driving an automobile to temporarily drive in front of a street car going in the same direction. If respondent, when he entered upon the track of appellant, was thirty feet in advance of the street car and was going fifteen miles per hour, and the street car struck the automobile from the rear, the question of the negligence of appellant and the contributory negligence of respondent were for the jury. *Traver v. Spokane Street R. Co.*, 25 Wash. 225, 65 Pac. 284; *Henry v. Seattle Elec. Co.*, 55 Wash. 444, 104 Pac. 776; *Keefe v. Seattle Elec. Co.*, 55 Wash. 448, 104 Pac. 774.

The judgment must be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.