7  517
36   39
7  517
39  638

[No. 909. Decided December 30, 1893.]

FREDERICK WEIDEMAN, *Respondent*, v. TACOMA RAIL-
WAY AND MOTOR COMPANY, *Appellant*.

EVIDENCE — DECLARATIONS OF AGENT — NEGLIGENCE — NON-SUIT.

The declarations of an agent made after the transaction cannot bind the principal, unless they are so related to it as to constitute a part of the *res gestœ*.

In an action for damages for injuries received from the falling of a building which plaintiff was employed with others to tear down and remove, the plaintiff should be non-suited when his only evidence tending to show negligence is the fact that the building fell after some of the boards and timbers had been removed. (DUN-BAR, C. J., dissents.)

*Appeal from Superior Court, Pierce County.*

*Crowley & Sullivan* (*Ashton & Chapman*, of counsel), for appellant:

A declaration by an agent made after the transaction cannot bind the principal, unless made as part of the *res gestœ. Beasley v. San Jose Fruit Packing Co.*, 28 Pac. Rep. 485; *Insurance Co. v. Mahone*, 21 Wall. 152; *Packet Co. v. Clough*, 20 Wall. 528. The declarations of officials of a corporation rest upon same principles as apply to other agents. *Huntington v. Decker*, 82 Pa. St. 119; *Wabash County v. Pearson*, 129 Ind. 456; *McDermott v. Hannibal, etc., R. R. Co.*, 73 Mo. 516.

There is no presumption of negligence from the mere fact that the building fell down. *Hawkins v. Front St. Cable Ry. Co.*, 3 Wash. 592; *Sappenfield v. Railroad Co.*, 27 Pac. Rep. 590; *Wormell v. Maine Central R. R. Co.*, 10 Atl. Rep. 50; *Davidson v. Davidson*, 48 N. W. Rep. 560; *Northside, etc., Co. v. Want*, 15 S. W. Rep. 40.

*Heilig & Hartman*, for respondent:

With reference to the authorities cited by defendant in support of its contention, that "there is no presumption of negligence from the mere fact that the building fell down," we concede that where a man coupling cars, or working at a machine, or being hit by a weight falling through an elevator, gets hurt, or there is a collision, there may be no presumption that any one has been negligent, but we cannot assent that the same rule holds with a falling building. It was the duty of defendant to so proceed with and direct the taking down of the building that it would not fall upon the workmen, and its failure to do so was negligence. *Transportation Co. v. Downer*, 11 Wall. 134; *Johnson v. Ashland Bank*, 48 N. W. Rep. 712; *Mullen v. St. John*, 57 N. Y. 568; *Hamilton v. Branfoot*, 48 Fed. Rep. 916; *Gleeson v. Railroad Co.*, 140 U. S. 435; *Barnowski v. Helson*, 50 N. W. Rep. 989.

The opinion of the court was delivered by

HOYT, J.—Plaintiff suffered personal injury while engaged in tearing down a building belonging to the defendant, and recovered a judgment for damages growing out of such injury, from which defendant has appealed.

One of the grounds upon which the appellant seeks a reversal is, that the building was being taken down under contract, and that the plaintiff was working for the contractor and not for the company. The conclusion to which we have come as to other questions involved makes it unnecessary that we should decide this one.

The next error alleged is, that the court allowed the plaintiff to put in evidence the statement of one of the officers of the company made some time after the date of the injury. This action of the court constituted reversible error. The declarations of an agent made after the transaction cannot bind the principal unless they are so related to it as to constitute a part of the *res gestæ*, and as there is no pretense that the declarations in question were so related they should not have been admitted. This error alone would require a reversal of the judgment.

Appellant asks that we should go further and direct the non-suit of plaintiff. At the close of the testimony on the part of the plaintiff appellant moved for a non-suit, which was denied and exception taken; and if the action of the court in denying such motion was wrong, appellant will be entitled to that measure of relief. It will, therefore, become necessary that we should pass upon the question of the sufficiency of the proof offered by the plaintiff, before he rested, to sustain a verdict in his favor. We have carefully examined all of such proof and are unable to find anything therein which sufficiently points to the negligence of the defendant to authorize the jury to find it guilty of such negligence. There is practically no proof tending to show negligence on the part of the defendant or its agents in tearing down the building, excepting the fact that it fell at a time when it was not expected that it would.

The fact of the falling of a building which is designed to stand up has been held to furnish proof that it was negligently constructed, and respondent cites some cases of this kind to combat the theory of the appellant. But it is evident that they are not applicable to the case at bar. The fact that this building fell cannot be any proof of neligence, for to cause it to fall was the very thing which was sought to be accomplished by the labor in which the plaintiff was engaged.

There is nothing tending to show what was the immediate occasion of the falling of the building.   It is true that it sufficiently appears that what was being done by the plaintiff and those associated with him had the effect of weakening the building and increasing the probability of its falling; but there is nothing that shows that such labor had so far proceeded as to lead a person of reasonable prudence to expect that the building would fall until more had been done by way of weakening it.   For all that appears, everything done by those engaged in the work might have been such as a most careful man would have considered prudent and not at all likely to lead to the present falling of the building; and that such action only resulted in the falling by reason of some condition of the building unknown to the defendant or its agents, after reasonable effort to obtain the requisite knowledge had been exhausted by them.   Some latent defect in the timber with which the building was constructed might have been the immediate cause of its falling.

The proof fails to show to what extent the outside boards or plank had been removed.   It only shows that boards had been knocked off and carried away; but how many or what proportion they bore to the whole is in no way disclosed.   There may have been such a part thereof left upon the building as would lead a prudent person to believe that it would be safe to remove more of them before there would be any danger of the building falling, and before there would be any reasonable probability of the force engaged being able to push it over, or of a team being able to pull it down.   And notwithstanding such appearance on the part of the building, it may have fallen by reason of some inherent and undiscoverable defect in its construction.

It was urged on the part of the appellant, that even though the manner in which the work was prosecuted con-

stituted negligence, the plaintiff could not recover for the reason that his eyes were open and the nature of the danger to which he was exposed must have been apparent to him. There is much force in the argument of the appellant upon this question, but it is not necessary that we should say anything in regard thereto on account of the conclusion to which we have come, as above stated.

Respondent urges that the measure of relief asked by appellant should not be granted for the reason that the trial court erroneously excluded proof offered by him which, if admitted, would have shown negligence on the part of appellant. We cannot so find, as, in our opinion, the proof offered would not have materially strengthened plaintiff's case.

The judgment must be reversed, and the cause remanded with instructions to grant the non-suit as asked by appellant.

STILES, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J., dissents.