[No. 4439.   Decided December 2, 1902.]

JOSEPH P. LAMBERT, *Appellant,* v. LA CONNER TRADING
and TRANSPORTATION COMPANY, *Respondent.*

NEGLIGENCE — EVIDENCE — DECLARATIONS OF VICE PRINCIPAL — RES
GESTAE.

Declarations made regarding an accident, made immediately
after its occurrence by a vice principal, who was the person
through whose negligence it is charged as having occurred, are
admissible in evidence as part of the *res gestae* (*Roberts v. Port
Blakely Mill Co.*, 30 Wash. 25, followed).

Appeal from Superior Court, King County.—Hon.
WILLIAM R. BELL, Judge.   Reversed.

*A. W. Buddress,* for appellant.

*Ira Bronson,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The appellant (plaintiff) brought this
action against the respondent to recover damages for per-·
sonal injuries received by him while in the employ of.
the company, caused by the alleged negligence of the com-
pany in running its steamer into a drawbridge.   The case
was tried by a jury, and, upon the conclusion of plain-
tiff's testimony, the court, on motion of the defendant,
granted a nonsuit on the ground that the testimony intro-
duced by the plaintiff did not show negligence on the
part of the defendant.   The cause was dismissed, and
from said judgment of dismissal this appeal is taken.

This cause will have to be reversed in any event for the
following error, which is assigned by the appellant:   The
appellant sought to prove by a witness that the master of
the boat had made certain statements immediately after
the accident occurred.   Objection was made to this testi-

mony, which objection was sustained by the court.  It is urged by the respondent that the question was not sufficiently limited as to time, and that it did not appear that it was at or immediately after the accident that the conversation sought to be elicited was indulged in.  But we think the respondent is mistaken in this regard.  On page 15 of the record appears the following question asked by appellant's counsel of the witness Lambert:  "Did you ever have any conversation with the master of this vessel, after the injury, in regard to this injury?"  This question was probably objectionable, and was objected to by Mr. Bronson, counsel for respondent, in the following manner: "If the court please, he has absolutely condemned his question now by placing a time limit.  This master could not say anything after this injury took place which would in any way affect the defendant in this case.  The master of a vessel, of course, is a man of very large powers, and can bind the owners to a very large extent, in given lines, under certain fixed rules.  But he hasn't any authority to make statements and admissions after the transaction has occurred."  The court:  "I sustain the objection."  Counsel for the appellant then sought to make the question more definite by asking the following:  "I want to ask you whether or not, immediately after the injury, the master saw you in regard to the injury."  Answer:  "Why, he saw me."  Question:  "Did he talk to you in regard to this injury?"  This question also was objected to, on the ground that it was leading, and for the further reason that what the master might have talked with the witness about the injury—what he might have said about it—would not have any effect upon the trial of the cause.  The court:  "I think not.  I don't think he could make any statement at all that would be binding upon his employers.  I do

not think that that was within the scope of a master's duties, to make a statement after an accident." The appellant then took exceptions to the ruling of the court, and the cause proceeded. So that it plainly appears that the appellant was precluded by the court from asking any questions in regard to statements made by the master immediately after the accident, or at all. It is contended by the appellant that a statement made at the time or immediately after is a part of the *res gestae,* and admissible as such. Such statements made at the time have, under all authority, been held admissible as a part of the *res gestae.* The authorities are somewhat divided as to admissions made after, but the great weight of authority, and the authority which this court has followed, is to the effect that statements made immediately after the transaction are admissible as a part of the transaction. It is unnecessary to cite outside authority, for this court has passed directly upon this proposition in *Roberts v. Port Blakely Mill Co., ante,* p. 25 (70 Pac. 111). That was an action brought against a mill company for damages caused by the negligent operation of a railroad, and it was held that declarations of a general superintendent, who had direction and management of the railroad, made while examining the wreck, soon after his arrival at the scene thereof, three hours after it occurred, were admissible as being part of the *res gestae;* that the declarations were not the narrative of a past event, but were the natural declarations growing out of the event, and were so nearly contemporaneous with the accident as to be held to be in the presence of it. The authorities relied upon are collated and cited in that case, and the question asked by the appellant in this case falls squarely within the rule announced. Without specially reviewing the testimony,

we think sufficient was introduced to warrant the court in submitting the question of negligence to the discretion of the jury. The question has been so often discussed by this court that it would be of no benefit to discuss the proposition again. We think the cause falls within the rule announced in *McQuillan v. Seattle,* 10 Wash. 464 (38 Pac. 1119, 45 Am. St. Rep. 799); *Steele v. Northern Pacific Ry. Co.,* 21 Wash. 287 (57 Pac. 820); *Traver v. Spokane Street Ry. Co.,* 25 Wash. 225 (65 Pac. 284); *Jordan v. Seattle,* 26 Wash. 61 (66 Pac. 114); *Burian v. Seattle Electric Co.,* 26 Wash. 606 (67 Pac. 214); and *Clukey v. Seattle Electric Co.,* 27 Wash. 70 (67 Pac. 379).

The other errors complained of will probably not occur again on a retrial, but for the errors discussed the judgment is reversed.

REAVIS, C. J., and FULLERTON, ANDERS and MOUNT, JJ., concur.