[No. 4869. Decided September 27, 1904.]

CHARLES COOK, *as guardian of Joseph Cook, a minor, Respondent,* v. STIMSON MILL COMPANY, *Appellant.*[1]

EVIDENCE—ADMISSIONS OF AGENT—RES GESTAE—INCOMPETENCY OF SERVANT. In an action for personal injuries sustained through the alleged incompetency of the engineer in charge of the defendant's train, the declarations of defendant's superintendent, who was not at the scene of the accident, made the day after, reflecting upon the engineer's competency, are inadmissible and not binding upon the defendant, since they are not part of the *res gestae.*

MASTER AND SERVANT—NEGLIGENCE—RAILROAD WRECK—PROXIMATE CAUSE—LOGGING TRAIN COLLIDING WITH COWS—QUESTION FOR JURY. In an action for personal injuries sustained in a collision of a logging train with cows on the track, upon rounding a curve at the end of a down grade, the questions of plaintiff's contributory negligence and assumption of the risks in riding on the engine, and whether the presence of the cows was the proximate cause of the injury, are for the jury, where the evidence was conflicting as to the competency of the engineer, the sufficiency of the equipment, and as to the negligence of the trainmen in permitting the train to get beyond their control.

Appeal from a judgment of the superior court for Snohomish county, Denny, J., entered July 18, 1903, upon the verdict of a jury rendered in favor of the plaintiff for $10,000 for personal injuries sustained while riding on a logging engine. Reversed.

*Root, Palmer & Brown,* for appellant, to the point that the presence of the cows on the track was the proximate cause of the injury, cited: *Berlin Mills Co. v. Croteau,* 88 Fed. 860; *Evansville R. Co. v. Griffin,* 100 Ind. 221; *Harlan v. St. Louis R. Co.,* 65 Mo. 22.

*Cooley & Horan,* for respondent, contended, among other things, that the admissions of Rowe were admis-

[1]Reported in 78 Pac. 39.

sible as part of the *res gestae*. *Hall v. Union etc. Ins. Co.*, 23 Wash. 610, 63 Pac. 505, 83 Am. St. 844, 51 L. R. A. 288; *Moran Bros. Co. v. Snoqualmie etc. Co.*, 29 Wash. 292, 69 Pac. 759; *Roberts v. Pt. Blakeley Mill Co.*, 30 Wash. 25, 70 Pac. 111. The error, if any, was cured by subsequently admitting testimony which made the admissions competent as impeaching evidence. *Wright v. Stewart*, 19 Wash. 179, 52 Pac. 1020; *Rounsavell v. Pease*, 45 Wis., 506; *Gano v. Chicago etc. R. Co.*, 66 Wis. 1, 27 N. W. 628, 838; *Belmont etc. R. Co. v. Smith*, 74 Ala. 206; *Griffin v. State*, 76 Ala. 29; *East Tenn. etc. R. Co. v. Hesters*, 90 Ga. 11, 15 S. E. 828; *Hess v. Wilcox*, 58 Iowa 380, 10 N. W. 847; *Leebrick v. Stahle*, 68 Iowa 515, 27 N. W. 490; *Roberts v. Woven Wire Mattress Co.*, 46 Md. 374; *Eastman v. Amoskeag Mfg. Co.*, 44 N. H. 143, 82 Am. Dec. 201; *Laird v. Campbell*, 100 Pa. St. 159.

MOUNT, J.—The minor son of respondent was injured while riding on one of appellant's railway logging trains. On the day of the accident, the young man was riding on the engine, from a place called camp No. 3 to headquarters camp. The road between these points is somewhat uneven; there is a down grade most of the way, although at places there are level stretches of track. While the train, consisting of the engine and eight loads of logs, was passing over one of these level stretches, a drawhead was broken, and the train was stopped for repairs. When the train was again started, it was necessary to release a number of the brakes on the loaded cars. This was done. The train then started, and soon began going down grade. At the end of this descent there was a short curve. The train ran around this curve, and just beyond collided with two cows, which were upon the track. The collision

caused two wheels of the engine, and two of the loaded cars, to leave the track. The train thereafter ran between six hundred and seven hundred feet, when the engine struck a bank and stopped. At that time the tender was jammed against the engine, so that it caught one of the boy's legs, which was so injured that amputation was necessary. The respondent, as guardian *ad litem,* brought this action to recover damages for injuries to his son.

The negligence alleged was, that the engineer in charge of the train was incompetent; that the equipment of the train was insufficient; and that the persons in charge of the train neglected to set the brakes, and thereby permitted the train to get beyond their control. Upon the trial respondent, over appellant's objection, was permitted to testify to certain statements made to him by James Rowe, appellant's superintendent in charge of the logging business where the accident happened. These statements, if made at all, were made by Rowe in a conversation with respondent, the next day after the accident, while they were riding together to the town of Marysville. The testimony of respondent upon this point was as follows:

"Q. Did you ever have any talk with Mr. Rowe, after this accident occurred, as to how it happened? A. Yes, sir. We had a little talk going to Marysville the next day after the accident, on Sunday, as we were riding to Marysville. Q. You came from headquarters to Marysville with Mr. Rowe? A. Yes, sir, in a buggy, on Sunday. Q. What talk did you have at that time? (Objection as immaterial and not a part of the *res gestae,* and not binding on the company. Question withdrawn.) Q. Did he have anything to say as to the competency of Mr. Jorgenson? A. Yes, sir, he did. Q. The engineer? A. Yes, sir. Q. Now, what was that? (Objection for same

reasons as above stated. Overruled. Exception.) A. He said, if Mr. John Forney or Mr. Stanton had been on that engine, the wreck would't have occurred. We were speaking about the wreck having occurred. (Motion to strike out this answer as not being responsive to the question. Overruled. Exception.) Q. Did he state why he believed it would not have occurred, if these other engineers had been in charge, or been on the engine? A. Well, no, he didn't say why. He just made that remark, that, if either of them had been on the engine, the wreck probably wouldn't have occurred. Q. Did he say anything particularly about Mr. Jorgenson? A. Well, he said that Mr. Jorgenson had been there long enough to handle an engine as well as anybody. Q. Did he say anything in reference to how he did handle that engine as a matter of fact? A. Well, he said he seemed to be unlucky in going around with engines, or something to that amount."

The object of this evidence, and the effect of it upon the jury, no doubt, was to fix the blame for the accident upon the engineer in charge of the train. It was not claimed that Mr. Rowe was at the scene of the accident at all. In fact, he was in Seattle, many miles distant, at the time the wreck occurred. The rule is settled in this state that declarations of an agent, made after the transaction, cannot bind the principal, unless they are so related as to constitute a part of the *res gestae*. *Wiedeman v. Tacoma R. etc. Co.,* 7 Wash. 517, 35 Pac. 414; *Vicksburg etc. R. Co. v. O'Brien,* 119 U. S. 99, 7 Sup. Ct. 118, 30 L. Ed. 299; *Roberts v. Port Blakely Mill Co.,* 30 Wash. 25, 70 Pac. 111; *Lambert v. La Conner etc. Co.,* 30 Wash. 346, 70 Pac. 960. In these two last named cases it was held that the declarations of the agents, made at the scene of the accident, and so nearly contemporaneous with it as to be held in presence of it, were admissible as part of the *res gestae*. But, in the

case at bar, upon no theory can the declaration of the agent be held to be a part of the *res gestae*. For error in the admission of this evidence, the cause must be reversed.

But appellant asks us to reverse the case and order a dismissal upon the grounds, that, conceding the appellant was negligent, the proximate cause of the injury was the cattle upon the track, which was entirely unexpected, and which ordinary prudence could not have guarded against; that the young man assumed the risk; and that he was careless and reckless. These questions are all questions of fact, about which the evidence was very conflicting. They are all of them, therefore, properly for the jury. They were fairly presented to the jury by the instructions given by the court, and, for that reason, we are not required to pass upon any of them.

The judgment is reversed, and the cause remanded for a new trial.

FULLERTON, C. J., and DUNBAR and ANDERS, JJ., concur.