[No. 13506.   Department Two.   February 17, 1917.]

E. H. GOODWIN, *Respondent*, v. STIMSON MILL COMPANY, *Appellant*.[1]

EVIDENCE—ADMISSIBILITY—DECLARATIONS OF AGENT.   A letter purporting to be signed by the agent of a mill company denying liability for an accident on its logging road is not admissible to prove the company's ownership of the road, since the declarations of an agent made after the transaction cannot bind the principal when not so related as to constitute part of the *res gestae*.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered January 20, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.   Reversed.

*Coleman & Fogarty* and *Q. A. Kaune*, for appellant.

[1]Reported in 163 Pac. 2.

PARKER, J. — The plaintiff, Goodwin, seeks recovery of damages from defendant mill company which he alleges resulted to him from the negligence of the company's servants in the operation of an engine and train upon a railway in Snohomish county. Verdict and judgment being rendered in favor of the plaintiff, awarding him $50 damages, the defendant has appealed.

The accident occurred while respondent was attempting to drive his automobile across a railway track at a road crossing in Snohomish county, when the engine struck the front end of his automobile, causing the damages for which he sues to recover. Respondent alleges in his complaint that he received personal injuries, and also that his automobile was damaged. There was no proof upon the trial showing him to have been personally injured. The proof showed that his automobile was repaired at an expense of $20, and that he lost a few days time from his occupation of a canvasser while his automobile was being repaired. These apparently constitute the items of damage which the jury thought he was entitled to compensation for. While appellant denied negligence on the part of those in charge of the train and alleged that respondent was guilty of contributory negligence resulting in his damage, appellant also denied that it was the owner or operator of the railway. There was no evidence introduced upon the trial in respondent's behalf showing that appellant owned or operated the railway, save the following letter which was evidently written with relation to the accident and a demand upon the part of respondent for compensation:

"Stimson Mill Company
                    "Ballard Station, Seattle, Wash.
"Mr. F. G. Merrick,                    July 7, 1915.
      "Marysville, Wash.
    "Dear Sir: Your favor of the 6th inst. at hand. In reply wish to state that we find it necessary to refuse your claim for repairs on auto. We find on investigation, not only from our train crew but other people in the vicinity, that this

accident was caused entirely by carelessness on the part of the operator of the machine. The engine always whistles at the crossing, and at the time the accident occurred, whistled and also rang the bell.

"Yours very truly,
"Stimson Mill Company,
"By J. F. Ives
"W"

This letter was introduced, over the objection of counsel for appellant, as proof of an admission of ownership and operation of the railway by appellant mill company. No proof was introduced as to by what authority the letter was written, nor as to what relation J. F. Ives bore to appellant mill company. We may assume that Ives was an agent or officer of the mill company and that the language of the letter could be construed as an admission of ownership or operation of the railway, if authoritatively written as such an admission, yet it would not be competent proof of ownership of the railway or that the appellant mill company was the operator of the railway.

"The declarations of an agent made after the transaction cannot bind the principal unless they are so related to it as to constitute a part of the *res gestae*, . . ." *Weideman v. Tacoma R. & Motor Co.*, 7 Wash. 517, 35 Pac. 414.

See, also, *Cook v. Stimson Mill Co.*, 36 Wash. 36, 78 Pac. 39; *Harris v. Carstens Packing Co.*, 43 Wash. 647, 86 Pac. 1125, 6 L. R. A. (N. S.) 1164; *Randall v. Northwest Tel. Co.*, 54 Wis. 140, 11 N. W. 419. In the case last cited, there was a situation presented much like that here involved, where the decision was in harmony with the conclusion we here reach. A number of authorities are therein cited which are to the same effect. It seems clear to us that the court erred in admitting this letter in evidence, over the objection of counsel for appellant. This left the case without any proof whatever as to who owned or operated the railway. It manifestly, therefore, resulted in complete failure of proof

in respondent's behalf upon that question.  It probably is of no consequence here how this letter came to be written upon the letter head of appellant mill company, its name signed to it, or as to what relation J. F. Ives bore to appellant, but the explanation of it is made plain by the evidence and is of some interest in this connection.  It appeared from the evidence all but conclusive that the railway was owned and operated by a corporation known as the Marysville and Northern Railway Company and that J. F. Ives was its vice president.  The letter "W," following the signature of J. F. Ives, is the initial letter of a clerk who, it seems, does clerical work for both the mill company and the railway company. J. F. Ives did not sign the letter himself, but his name was signed thereto by this clerk, it merely being dictated by Ives, and apparently the mill company's stationery was inadvertently used and its name thus signed to this letter.  Ives did not see the letter after it was written, he having merely dictated it to this clerk as a stenographer.

The only negligence alleged against those in charge of the train was that the whistle was not sounded and the bell was not rung, giving warning of the approach of the train to the crossing.  Respondent himself testified that he did not hear any whistle or bell, yet some of his own witnesses testified that they did hear the whistle blown at about the usual distance from the crossing at which whistles are blown.  A number of appellant's witnesses testified that the whistle was blown and the bell rung upon approaching the crossing. Looking alone to this issue, we would be inclined to hold, as a matter of law, that there was a failure of proof of negligence on the part of those in charge of the train.  We need not, however, pursue this inquiry further, in view of our holding on the question of the sufficiency of the proof as to appellant being the owner of the railway.  We have not had the benefit of argument or briefs in behalf of respondent. A somewhat painstaking review of the record, however, convinces us that appellant's claims of error cannot be success-

fully answered, and that its motions for judgment in its favor, as a matter of law, should have been granted.

The judgment is reversed and the cause dismissed.

MORRIS, MOUNT, and HOLCOMB, JJ., concur.

FULLERTON, J., concurs in the result.