[No. 14414.  *En Banc.*  February 7, 1919.]

## ART HARRY, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

EVIDENCE (98)—ADMISSION—CONCLUSIVENESS—ESTOPPEL.  In an action for personal injuries received when a hand-car left the tracks, plaintiff's evidence on cross-examination that he guessed the car was "four or five months old," is not an admission that it was in good condition, and does not estop him from showing that it was out of repair and in an unsafe condition.

MASTER AND SERVANT (90-92, 161)—INJURIES TO SERVANT—ASSUMPTION OF RISK.  A railroad construction hand daily using and riding on a hand-car does not, as a matter of law, assume the risk if it is in bad repair.

EVIDENCE (214) — OPINIONS—FACTS FORMING BASIS OF.  In an action for personal injuries, a statement by the roadmaster, making an inspection after an accident, "something the matter with the car," is inadmissible as the expression of an opinion, where it was not shown that he was advised as to the rate of speed or circumstances attending the accident.

SAME (53)—RES GESTAE—STATEMENTS AFTER ACCIDENT.  A statement of a roadmaster inspecting a hand-car after an accident is not admissible as part of the res gestae.

SAME (94, 95)—ADMISSION AFTER TRANSACTION—BY AGENT.  A statement of a roadmaster after inspection to determine the cause of an accident, is admissible as the admission of an agent against the interest of his principal.

MASTER AND SERVANT (135)—INJURIES TO SERVANT—DEFECTIVE HAND-CAR—EVIDENCE—ADMISSIBILITY.  In an action for personal injuries, sustained when a hand-car jumped the track and was found with one wheel off, in which there was no evidence of any defect other than such as related to the wheels, evidence as to wiring any other part of the car is inadmissible unless connected with the cause of the accident.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered May 7, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an

[1]Reported in 178 Pac. 465.

employee engaged in railroad construction work. Reversed.

*Cannon & Ferris* and *F. J. McKevitt*, for appellant.
*Crandall, Williams & Crandall*, for respondent.

MAIN, J.—Action for personal injuries tried to a jury, resulting in a verdict and judgment in favor of respondent. The facts are substantially as follows:

The respondent, an Armenian by birth, together with a number of his countrymen, were in the employ of the appellant as laborers in an extra gang engaged in repairing or raising a portion of the company's track near Erie, Washington. The camp where the men boarded and slept was located some two miles from the point where the work was being done, and the men went from the camp to their work and returned on hand-cars furnished by appellant. Respondent had been so employed about four months prior to the accident. On the day of the accident, respondent, with three of his countrymen, took a hand-car and proceeded from the place where the gang was at work towards Kennewick for the purpose of procuring groceries. There is a sharp dispute in the testimony as to whether they so acted upon the order of the foreman or against his expressed direction. The hand-car was the ordinary hand-propelled car such as is ordinarily in use. Respondent and the men who went with him all testified that they were going "Same fast as was going to work," when the hand-car jumped off the track and the injuries complained of were received. When he "woke up," respondent says the hand-car was some four or five feet in front of him; that the left hind wheel was off the car and lying about three or four feet back of him. Neither respondent nor any of his companions appears to have made

an examination of the car or of the wheel to determine the cause of the accident. Respondent and his companions were taken to Pasco for medical treatment and from there to the company hospital at Tacoma, where respondent remained some twelve days receiving treatment for his injuries. Respondent testified that the hand-car was one of four or five in use by the extra gang, of which he was a member, and had been so in use during the time of his employment; that it was used indiscriminately by the men who composed the gang, and that he probably had ridden on that particular hand-car many times before the accident; that the car was three or four or five months old, but he does not attempt to say whether or not the car was defective in any particular prior to the accident, neither did any of the other men who were on the car at the time of the accident attempt to point out any defects in the car.

Over the objection of the appellant, the witness Dick was permitted to testify that he went to the scene of the accident after it occurred, and while he was there the roadmaster, who had come out from Pasco, measured the track and found the gauge of the track to be right, put the car on the track, replaced the wheel and moved it for testing purposes, and then made the statement: "Something the matter with the car." The witness Dick, also over objection, testified that certain parts of the car under the pump were fastened together with wire. He also testified that the car was old, that the meshes were worn, making the tread of the wheels too wide; that the bolts and nuts were loose and had been so for two or three months, and that he had noticed these defects every day. The material part of this testimony was denied by a considerable array of appellant's witnesses, or explained

in accordance with appellant's theory of the case. All testified that they could find nothing wrong with the car except that the left hind wheel was off, and that from the marks on the ground and the ties, in their opinion, the wheel came off after the car left the track. One of appellant's witnesses, the master mechanic, testified that the wheel could not come off while the car was on the track, and some of them testified that, from the marks on the ground, they were of the opinion that the speed of the car exceeded twelve miles an hour at the time it left the track, and also testified that, as the men were placed on the car at the time of the accident—two at the rear and two between the handles—the weight was brought too much to the rear of the car and would have a tendency to raise the front wheels, especially if the car was propelled at an excessive speed.

Appellant makes three principal contentions: First, that respondent, having testified that the car was but three to five months old, which would make it practically a new car, is bound by such testimony as much as though it were an allegation or admission in his complaint, and that no evidence should have been received to the effect that the car was old, worn or defective.

The trouble with this contention lies in the fact that respondent did not attempt to testify as to the condition of the car. True, he did say, in answer to a question on cross-examination, that it was "Four or five months old car, three or four months old car I guess." But this in no manner admitted that the car was necessarily in good condition, or estopped him from introducing other testimony to show that the car was out of repair and in an unsafe condition, and falls far short of bringing him within the rule for

which appellant contends. Nor does it necessarily follow, because respondent testified that the hand-car was used every day by the gang, of which he was a member, in riding to and from the work (and he no doubt rode upon it many times), that he was bound, in the exercise of ordinary care, to know the condition of the car and, if in bad repair, that he assumed the risk. Neither his knowledge, skill or use of the car was such as to justify this court in saying that, as a matter of law, he assumed the risk, and the question was one for the jury to determine.

Second. Appellant complains of the admission of testimony as to what was said by the roadmaster as to the cause of the accident. It appears that, immediately upon the report of the accident being received, the roadmaster, with others, came out from Pasco (a distance of six miles) to investigate. It does not appear how the trip was made or just how long it took, but apparently they arrived at the scene of the accident at about the same time as the section foreman and others who had been at work only about two miles distant. According to the witness, after measuring the track to see if the gauge was right, they put the car on the track to test it, and the roadmaster said: "Something the matter with the car." We think this an expression of an opinion only, and inadmissible. The roadmaster was not present at the time of the accident; he was not in charge of the injured men, and if he had examined the car at all, he had done so only superficially. It is not claimed that he had been advised as to the speed as to which the car was traveling or the position of the men thereon at the time of the accident, or was so advised as to the facts as to enable him to express an opinion or authorize him to make an admission which would be binding upon his

principal. If the evidence was admitted upon the theory that it was a part of the *res gestae,* then we think it violates the rule laid down in *Henry v. Seattle Electric Co.,* 55 Wash. 444, 104 Pac. 776; and if admitted on the theory that it was the admission of an agent against the interest of his principal, then it violates the rule laid down in *Goodwin v. Stimson Mill Co.,* 95 Wash. 41, 163 Pac. 2, and *Caldwell Bros. & Co. v. Coast Coal Co.,* 58 Wash. 461, 108 Pac. 1075.

Third. Since the case must be reversed for this error, we may say for the guidance of the court on a new trial that, while the complaint alleges

"Said hand-car was old and worn and some parts of the running gear thereof (the exact parts plaintiff being unable to specify) were fastened and held together by wire . . ."

yet there was no testimony in the case from which the jury could have found that any defect in the car, other than such as related to the wheels or the manner or means by which the wheels were held in place, could have caused or contributed to the accident, and, therefore, testimony as to the wiring of any other part of the car was wholly valueless and might tend to prejudice the jury. Such evidence should have been admitted only upon condition that it be connected with the cause of the accident, and upon failure to so connect, it should have been withdrawn from the consideration of the jury.

The judgment will be reversed, with direction to grant a new trial.

CHADWICK, C. J., MOUNT, TOLMAN, MACKINTOSH, and PARKER, JJ., concur.