[No. 17952.   Department One.   July 6, 1923.]

OLIVER S. BROWN, *Respondent,* v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, *Appellant.*[1]

TRIAL (97) — INSTRUCTIONS — SUBMISSION OF MATTERS NOT SUSTAINED BY EVIDENCE. In a brakeman's action for injuries, where there was no evidence to support allegations of negligence in improper switching, and insufficient brakemen and signalling, and excessive speed, it is error to submit the issues to the jury.

MASTER AND SERVANT (147) — INJURY TO SERVANT — PROXIMATE CAUSE—EVIDENCE—SUFFICIENCY. In a brakeman's action for injuries when he was tripped and thrown under a train, his evidence that, in the nighttime, while running alongside the train pursuant to orders, he stumbled over a broken brake beam which defendant negligently allowed to protrude across his way, is sufficient to identify the proximate cause of the injury and take the case to the jury.

EVIDENCE (53)—RES GESTAE—STATEMENTS AFTER ACCIDENT. In a brakeman's action for injuries, a statement made by the conductor, when he threw an iron bar into the caboose where plaintiff was after the accident, is not admissible as part of the *res gestae.*

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 2, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a railroad employee. Reversed.

*Geo. W. Korte,* for appellant.

*Donworth, Todd & Higgins* and *Poe, Falknor & Falknor (Hyman Zettler,* of counsel), for respondent.

[1]Reported in 217 Pac. 16.

MACKINTOSH, J.—The respondent suffered an injury to his hand while employed as a brakeman by the appellant, in appellant's yards, where the respondent had for years been employed and with the conditions of which he was familiar. The jury found that negligence caused the misfortune. The complaint and bill of particulars set up six grounds of negligence, as follows: (1) improper system of switching, on account of the absence of a cross-over at the east end of the yard, and no direct signal communication between the head and rear ends of the train; (2) insufficient number of brakemen; (3) that the trainmen were not in their proper positions to give signals; (4) absence of a high plat-. form from which signals could have been given; (5) excessive speed of train while being backed; (6) ob-' structions in the yard by way of an iron bar four feet long, and railroad ties and boulders protruding in the pathway of the plaintiff.

The appellant argues that no one of the grounds is sustained by the evidence, and that the case falls with-. in the rule of *Hansen v. Seattle Lumber Co.*, 31 Wash. 604, 72 Pac. 457; *Weckter v. Great Northern R. Co.*, 54 Wash. 203, 102 Pac. 1053, and *Parmelee v. Chicago, Milwaukee & St. Paul R. Co.*, 92 Wash. 185, 158 Pac. 977, in that no proximate cause of the injury was identified. Twenty-eight errors are assigned and both parties have submitted elaborate briefs, yet the issue is simple and to us the solution is plain.

Quoting from the respondent's brief, the facts that he claims the evidence shows are that the respondent, 32 years of age, was a member of a train crew designated to bring in a passenger train from Black River Junction to Seattle. Having brought, for that purpose, the engine to the Junction yards, and having placed the caboose on one of the tracks (No. 2) of the

yard, the crew was waiting for its train to be brought there and transferred to it. It was a very dark night. Respondent and his superior officer, the conductor, were standing alongside the track when they observed that a freight train was being backed onto the track on which their caboose was located. They saw that there was no one on the rear end of the train to control its movements or regulate its speed; that the train was being backed onto the track containing the caboose at an excessive speed for that operation; that, in short, a "smashup" was imminent unless something were done instantly.

It was no part of respondent's ordinary duties to assist in the switching of this train. He was waiting to take a passenger train from Black River Junction to Seattle. Under the rules of the company he was obliged to obey the orders of his superior. The rules also provided that "in case of danger to the company's property, employees must unite to protect it." Respondent's superior, in this emergency, ordered respondent to board the rear car and try to prevent the wreck. Respondent accordingly obeyed the order of his superior, mounted the rear car at the only available place (the ladder located at the engine end of the rear car) and immediately began signaling with his lantern for the train to slow down. Seeing that these signals were not being obeyed, respondent immediately began giving the emergency stop signal. By that time, however, the train was approaching closely to the threatened caboose and it became necessary, in order to avert the wreck, for respondent to jump off the train, run alongside of the rear car and beat the train to the caboose, so as to adjust the apparatus of the latter to receive the shock. Respondent ran "pretty fast" until he was running almost alongside of the end of the train,

where he was tripped "by something having a distinct iron rattle." This, the respondent claims, was a broken brakebeam which the appellant had negligently allowed to protrude in respondent's way. Respondent fell in front of the train, instantly started to roll off the track, succeeded in rolling off with the exception of his left hand, which was caught and crushed, necessitating amputation at the wrist. At that time the train was going about five or six miles per hour, so that he "just didn't have time enough to get his hand off the rail."

In addition, an examination of the statement of facts shows that the respondent testified that the car upon which he rode he thought was one belonging to the Santa Fe road, and that the only such car from this train was repaired the following day on account of a defective brake rigging. Without a minute analysis of the testimony, and taking the respondent's own statement as representing the actual situation, there is nothing in the record to establish any of the first five alleged acts of negligence, and at the same time there is enough shown in substantiation of the last alleged act of negligence to take the case out of the influence of the cases above referred to. The trial court was therefore correct in refusing to direct a verdict for the appellant, but was incorrect in submitting to the jury the allegations of negligence which appear as 1, 2, 3, 4 and 5.

Not many of the various assignments of error need particular attention, for the reason that what has already been said disposes of some, and others will not arise on a re-trial. The statement made by Willard, a conductor, when he threw an iron bar into the caboose where the respondent was after the accident, was not admissible as part of the *res gestae*. *Henry v. Seattle*

*Elec. R. Co.,* 55 Wash. 444, 104 Pac. 776; *Caldwell Bros. & Co. v. Coast Coal Co.,* 58 Wash. 461, 108 Pac. 1075; *Hobbs v. Great Northern R. Co.,* 80 Wash. 678, 142 Pac. 20, L. R. A. 1915D 503; *Goodwin v. Stimson Mill Co.,* 95 Wash. 41, 163 Pac. 2; *Harry v. Northern Pac. R. Co.,* 105 Wash. 469, 178 Pac. 465; *Lucchesi v. Reynolds, ante* p. 352, 216 Pac. 12.

Instructions Nos. 9, 10 and 13, as given, should not be repeated; the order of the master had no relation to the respondent's stumbling, nor is the master under obligation to furnish more than a "reasonably safe place" to work, nor is contributory negligence an issue in the case.

The judgment is reversed and a new trial granted.

MAIN, C. J., BRIDGES, and HOLCOMB, JJ., concur.