[No. 21319. Department Two. December 7, 1928.]

LEE BRUNER, *Respondent*, v. DR. L. R. CLARK, *Appellant*.[1]

*John T. McCutcheon*, for appellant.

*G. P. Fishburne*, for respondent.

HOLCOMB, J.—This action for damages for alleged negligence of appellant, through his employee Dr. Timlin, resulting in a verdict upon conflicting evidence in favor of respondent, is appealed to determine whether the court erred in refusing to allow in evidence a chart record.

Appellant owns and operates a dental office in Tacoma. Dr. Timlin, a duly licensed and registered dentist in this state, was employed in that office as an operative dentist. Respondent had contracted for dental work, and Dr. Timlin was assigned to do the work for him. During the last period of operative work for respondent, while he was having a tooth ground down by Dr. Timlin, the tongue was accidently cut by the

[1]Reported in 272 Pac. 516.

stone which was being used to grind it. The stone was propelled by a dental engine.

Respondent alleged negligence on the part of Dr. Timlin in allowing the stone to cut the tongue. Appellant alleged contributory negligence in that respondent jumped or raised suddenly, without warning, after repeated cautions by Dr. Timlin not to move without a signal, by raising the hand, to allow Dr. Timlin to remove the stone. The transaction occurred on April 21, 1927.

The errors assigned are in refusing to allow as evidence the chart record of respondent, as kept by Dr. Timlin during the visits of respondent for treatments, and in refusing to grant a new trial.

A preliminary identification of the chart was made by examination of Mrs. Ray Prusoff, the bookkeeper in the office of appellant, who merely testified as to the nature of the chart.

On examination of Dr. Timlin, the chart was presented to him and he was asked what it was. He testified that the chart was a record of every patient for whom work was done; that the particular portion indicated was the record of respondent; that it was filled out by him, the witness, on April 21.

Respondent objected to the entries made on April 21 as being self-serving. To this counsel for appellant replied that it was intended to show that the system of bookkeeping in a dental office is a little different from anywhere else; that they have a chart where they put down the work to be done and any other remarks, and that it is a part of the books of the office pertaining to the particular transaction.

The court replied that he did not believe that appellant could introduce remarks made by the witness, written down after the proposed accident occurred; that the witness could, if he wanted to, refer to it to

refresh his memory, but to introduce it in evidence to show what remarks he made afterwards, was not admissible. A little later counsel for appellant again interrogated Dr. Timlin, referred him to the chart on which he had made certain notations, asked him to use that to refresh his memory, and to state exactly what respondent said after the accident. That was objected to as having been gone over already. The objection was sustained, to which counsel for appellant replied "all right."

The chart was not brought into the record by exhibit for identification and is not before us.

We are, therefore, unable to decide whether the evidence sought to be introduced was such as to be competent and relevant under our decision in *Lambert v. La Conner Trading & Transp. Co.*, 30 Wash. 346, 70 Pac. 960, where we held that statements made at the time of, or immediately after, the accident by one standing in the relation of the master or his vice principal are admissible as a part of the *res gestae;* or our decision in *Sanborn v. Dentler,* 97 Wash. 149, 166 Pac. 62, 6 A. L. R. 749, where we held that entries made by a doctor as to the nature of diseases of the patient treated by him, length of time covered, and charges made therefor in his books of account, were competent.

From all that is before us in the record, the offer of proof was not followed up, but apparently abandoned; and, in any event, we cannot determine whether the evidence was relevant and competent, or not.

Since the motion for a new trial was based upon the above claimed error, there was no error in denying the new trial.

The *judgment is affirmed.*

FULLERTON, C. J., MAIN, and BEALS, JJ., concur.